[Civ. No. 2804.    Second Appellate District.—November 4, 1918.]

## CHARLES VON DER KUHLEN, Petitioner, v. JOHN C. CLINE, Sheriff of the County of Los Angeles, Respondent.

EXECUTION AND LEVY—THIRD-PARTY CLAIMANT—CLAIM AND DELIVERY—ACTION AGAINST SHERIFF—INJUNCTION RESTRAINING SALE.—An action in claim and delivery against a sheriff by a third party claimant to recover personal property levied on under a writ of execution, is an action at law and not a suit in equity, and in such action the court has no jurisdiction to grant an injunction restraining a sale of the property.

ID.—MANDAMUS.—A sheriff will be compelled by *mandamus* to proceed and make a sale under an execution levied on personal property, although he bases his refusal to proceed with the sale on a restrain-

38 Cal. App.—35

ing order, issued by the superior court in an action in claim and delivery brought by a third-party claimant against such sheriff to recover the property.

PROCEEDING in Mandamus to compel the sheriff of Los Angeles County to proceed with a sale under an execution.

The facts are stated in the opinion of the court.

H. L. Sacks and Isaac Pacht, for Petitioner.

Ward Chapman and L. M. Chapman, for Respondent.

CONREY, P. J.—In a certain action in the superior court of Los Angeles County Charles Von Der Kuhlen as plaintiff obtained judgment for the recovery of a sum of money against the defendant A. E. Warmington. On an execution issued in that action, the sheriff levied upon and took from the possession of Warmington an automobile, which, under the plaintiff's direction, he had seized as property of Warmington. Thereafter the California Southern Railroad Company filed a third-party claim with the sheriff, claiming that the automobile was its property. To indemnify the sheriff against such third-party claim, Von Der Kuhlen gave to the sheriff an indemnity bond as provided by law. Nevertheless, the sheriff now refuses to proceed under the execution and make sale of the property so left in his custody.

After said indemnity bond had been given, the California Southern Railroad Company as plaintiff filed an action in claim and delivery against the sheriff and others, alleging that said automobile was the property of said plaintiff California Southern Railroad Company and that as such owner it was entitled to the possession thereof. Thereafter in that action the railroad company filed an affidavit and made a motion to the court praying for an injunction to restrain the sheriff from selling the automobile under the execution issued in the case of *Von Der Kuhlen* v. *Warmington*. The court thereupon made an order purporting to enjoin and restrain the sheriff from making any sale of the automobile under and by virtue of said execution, until further order of the court. The sheriff's refusal to proceed under the execution is based upon said restraining order. The sheriff having thus refused to proceed, Von Der Kuhlen now petitions this court for a

writ of mandate requiring the sheriff to advertise and sell the automobile under said execution.

The action of California Southern Railroad Company against Cline and others was an action at law and not a suit in equity. It does not appear that the complaint in that action demanded equitable relief or that it stated any facts upon which equitable relief should be grounded. The case was not one in which the court had authority to grant an injunction. It is manifest that if the railroad company is the owner of the automobile and entitled to possession thereof, the railroad company will be able to obtain adequate relief in damages against the sheriff, and the sheriff in turn is adequately protected by the indemnity bond. A third-party claimant may not by an injunction thus obtained interfere with the execution of process under a lawful judgment between other parties. The only exception to this rule must be found in some case of an equitable nature wherein a third-party claimant's cause of action itself furnishes ground of equitable relief. The restraining order relied upon by the defendant here does not come within such exception.

The defendant herein has failed to show any valid reason why he should not proceed under the levy and make sale of the property. His duty to so proceed requires the performance of an act which the law specially enjoins upon him as a duty resulting from his office. The plaintiff is entitled to the demanded writ.

On October 31, 1918, immediately after the submission of this matter for decision, the court made its order that the peremptory writ of mandate issue and stated that an opinion in writing would subsequently be filed. Pursuant to the intention thus expressed, this opinion is now placed on file.

James, J., and Shaw, J., concurred.