ASIULEWICZ v. PIETRAZEWSKI.

1. EXECUTION—EVIDENCE OF WIFE'S OWNERSHIP — HUSBAND AND WIFE.

In a suit by a wife to enjoin the levy of executions against her business and property· by judgment creditors of her husband, evidence *held*, sufficient to support the

finding of the court below that she was the owner of the business and property in question.

2. SAME—HUSBAND AND WIFE—ESTOPPEL.

The wife was not estopped to assert title to the business and property as against her husband's creditors because she allowed him to control and manage it in his own name, where the indebtedness did not arise in connection with the business, there is no evidence that the creditors knew of the manner in which the business was being conducted, that they gave credit in reliance thereon, or were prejudiced by reason thereof.

3. SAME—INJUNCTION—EQUITABLE RELIEF—ADEQUATE REMEDY AT LAW.

A wife who is the owner of a going business is entitled to an injunction restraining judgment creditors of her husband from levying on her stock of goods, where there is involved probable damage to the trade, credit, and business for which she could not be adequately compensated in a suit at law.

Appeal from Wayne; Mandell (Henry A.), J.  Submitted October 31, 1922.   (Docket No. 106.)   Decided December 5, 1922.

Bill by Frances Asiulewicz against Stanley Pietrazewski and others to enjoin an execution.   From a decree for plaintiff, defendants appeal.   Affirmed.

*Cass J. Jankowski,* for plaintiff.

*Charles Bowles,* for defendants.

MCDONALD, J.   The plaintiff seeks injunctive relief from threatened levy of executions by defendants, who are judgment creditors of her husband, Anthony Asiulewicz.   Her bill recites that she is the owner of a retail furniture business in the city of Detroit, in which her husband has no interest.   That each of the defendants has a judgment against him and have

placed their executions in the hands of the sheriff with instructions to levy on her property. She bases her right to equitable relief on the claim that the course which defendants are pursuing will work irreparable injury to her business, and that, therefore, she has no adequate remedy at law. On the hearing the circuit judge granted the relief prayed for.

The defendants have appealed and here assert that the decree should be reversed for the following reasons:

*First.* The evidence clearly shows that Anthony Asiulewicz was always the owner of the business in question and was still owner thereof at the time of the trial.

*Second.* The plaintiff is estopped to assert ownership in said business as against the defendants.

*Third.* The plaintiff has an adequate remedy at law.

*Fourth.* Under the trial court's findings, the bill of complaint should have been dismissed.

We think the evidence amply supports the findings of the circuit judge that the plaintiff is the owner of the business and property in question. She was married to Anthony Asiulewicz in 1909. Anthony was a factory worker and had no property or income other than his wages. The first year of their married life they lived with her parents, who were people of some means. They bought a lot and conveyed it to the daughter, and on this lot the present store building was built. The parents also furnished money to start the store. These were gifts to the daughter. Anthony Asiulewicz furnished no part of the money and had no financial interest in the business, though it was operated in his name. He seems to have been thriftless and somewhat dissipated. They separated on several occasions and at one time she began divorce proceedings. A reconciliation was effected and they

entered into a written agreement. This was on the 20th day of October, 1920. In this agreement, Anthony admitted that he had no claim to any part of the property or business. At this time, through his reckless management, debts had accumulated to a large amount, and creditors were pressing for payment. In consideration of the agreement signed by Anthony, the plaintiff's mother agreed to furnish money to assist the daughter in paying up the indebtedness, and at the time of the hearing she had paid large sums of money totaling about $21,650. She also gave furniture to build up the stock. For a time thereafter the business continued to be carried on in the name of the husband, but the testimony is conclusive that he had no financial interest in the business or property.

It is next urged by counsel that the plaintiff is estopped to assert title to the business as against her husband's creditors, because she allowed him to control and manage it in his name.

This is not a case where creditors have furnished stock and extended credit in reliance on the husband's apparent ownership of the property. There is no evidence that they knew of the manner in which the business was being conducted; that they gave credit in reliance thereon and were prejudiced by reason thereof. Neither of the defendants had extended any credit for the sale of goods or for anything growing out of the business. The indebtedness represented by their judgments arose from personal transactions with the husband, and for aught the record shows they had no knowledge that he was in control of the business.

The next proposition urged by counsel for defendants is that plaintiff has an adequate remedy at law.

"The jurisdiction of courts of equity to stay proceedings at law after judgment, though recognized in

exceptional cases, is very limited. As a rule, the remedy is not allowed against a sale of realty, nor of personal property on execution where relief is available in a proceeding at law. An adequate remedy at law is said to be the general test." *City Bank & Trust Co.* v. *Hurd*, 179 Mich. 454.

The remedy must be "plain, adequate and complete;" if it be doubtful and obscure at law, equity will assert a jurisdiction. 1 Story's Equity Jurisprudence (14th Ed.), § 33. In the instant case the property sought to be levied on consisted of a stock of merchandise in a going business. The plaintiff alleges in her bill, and the evidence tends to support the allegation, that she has a large number of impatient creditors, but that with the assistance of her mother she has a fighting chance to keep the business out of bankruptcy, if the defendants be restrained from interfering with it. This is not solely a case where a levy is about to be made on personal property of ascertainable value, and which can easily be replaced. There is here involved probable damage to the trade, credit and business of the plaintiff for which she could not be adequately compensated in a suit at law.

"The owner of a stock of goods which have been seized on an execution against another, is entitled to an injunction to prevent loss of trade, destruction of credit and failure of business prospects." 23 C. J. p. 557; citing *Watson* v. *Sutherland*, 5 Wall. (U. S.) 74.

Under the circumstances shown in the instant case, considering the condition of the business, the use of the property in a going concern and the probable effect of disturbing the plaintiff's possession of it, we think a case is made out for equitable interference.

The circuit judge filed an opinion upon which he based the decree thereafter entered. We think all of his findings are supported by a clear weight of the

evidence, and that he was correct in his conclusions of law.

The decree will be affirmed, with costs to the plaintiff.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.   MOORE, J., did not sit.