[Civ. No. 5169.    Second Appellate District, Division One.—October 8, 1925.]

## W. H. BROWN, Petitioner, v. SAM JERNIGAN, as Sheriff, etc., Respondent.

**[1]** MANDAMUS—EXECUTION — INJUNCTION — EQUITY.—*Mandamus* will not lie to compel a sheriff to sell property levied upon under an execution to enforce a judgment, where the refusal of the sheriff is based upon an injunction restraining him from selling the same issued by a court of competent jurisdiction in an action wherein facts are alleged whereby it is sought to show that it would be inequitable to permit the enforcement of said judgment.

**[2]** ID.—INJUNCTION—JURISDICTION.—The writ of *mandamus* should not be used as a writ of error to interfere with an order of injunction made by a court where the court was acting within its jurisdiction, even though such action may be erroneous.

---

(1) 23 C. J., p. 556, n. 21 New; 38 C. J., p. 573, n. 1.    (2) 38 C. J., p. 571, n. 73.

2. See 18 R. C. L. 141.

PROCEEDING in Mandamus to compel Sheriff of Orange County to sell property under execution. Writ denied.

The facts are stated in the opinion of the court.

H. L. Sacks for Petitioner.

L. A. West for Respondent.

Bruns & Moody, *Amici Curiae.*

CONREY, P. J.—On application of petitioner this court issued a writ of mandate, requiring the respondent, as Sheriff of Orange County, to advertise and sell property on which levy has been made under an execution, or show cause why he should not so proceed. Respondent by his answer seeks to justify his refusal by showing that he has been enjoined and restrained by an injunction issued out of the superior court of Orange County.

In March, 1915, in the superior court of Los Angeles County, a money judgment was entered in favor of W. H. Brown, plaintiff, against Walter C. Rowell and Ethel Rowell, defendants. The execution was issued on the first day of July, 1925, pursuant to an order of the superior court of Los Angeles County. Prior to the injunction the sheriff levied upon personal property and also upon real property as property of the defendants.

After the levy made under the execution the defendants Rowell commenced an action in the superior court of Orange County by verified complaint, wherein they alleged facts whereby they sought to show that it was inequitable to permit the enforcement of said judgment against them. On presentation of that verified complaint and an undertaking approved by the court, the superior court of Orange County granted a temporary restraining order and an order on Brown and his attorney and the Sheriff of Orange County, defendants, requiring them to appear and show cause why an injunction should not be granted. At the hearing of that matter, on August 7, 1925, the court granted the temporary injunction, and at the same time allowed plaintiff five days to amend the com-

plaint. That amendment was filed on August 12, 1925. Said complaint, with the amendment thereto, and certain affidavits and other documents which were before the superior court of Orange County at the hearing on August 7th, are to be found in respondent's return herein and in the supplemental petition of petitioner Brown filed herein on August 10, 1925. At the hearing of this proceeding before this court on August 24, 1925, it was stipulated that said supplemental petition may be considered the same as if it had been filed prior to the issuance of the alternative writ of mandate.

[1] The facts, as above stated, raise a question concerning the extent and the limits of power of a superior court to interfere with the execution of the judgment of another superior court. A like problem was presented in *Von Der Kuhlen* v. *Cline,* 38 Cal. App. 545 [176 Pac. 883], where this court granted a peremptory writ of mandate, requiring the sheriff to sell property levied upon by him under an execution, notwithstanding that under a third-party claim, the claimant had filed an action in claim and delivery against the sheriff, and in that action had obtained an order purporting to enjoin and restrain the sheriff from selling the property. Observing that the action in claim and delivery was purely an action at law, in which the complaint did not state any facts upon which equitable relief should be grounded, it was held that the case was not one in which the superior court had authority to grant an injunction; that such party could not by an injunction thus obtained interfere with the execution of process under a lawful judgment between other parties. But the court further said: "The only exception to this rule must be found in some cases of an equitable nature wherein a third-party claimant's cause of action itself furnishes ground of equitable relief." The quoted sentence was not intended to limit such rights to third-party claims. The intention was to recognize the principle, about which there is no doubt, that one of the most clearly recognized grounds for injunctive relief is the prevention of the enforcement of a judgment because of matters arising prior or subsequent thereto which render its execution inequitable. (14 Cal. Jur. 188.)

The same subject was before the supreme court at an early date in *Buffandeau* v. *Edmondson,* 17 Cal. 436 [79

Am. Dec. 139]. The court there said: "It is unnecessary to consider whether the bill of complaint showed a proper case for an injunction, or whether the injunction was regularly granted or not. It was enough for the sheriff to know that a court of competent jurisdiction had made the order, and then it became his duty to obey it. It is no part of a sheriff's duty to sit in judgment upon judicial acts, and reform the errors or revise the orders of the judge. As the execution is only an order of the court, it would be strange if the sheriff were held under onerous penalties to obey its commands, and yet be absolved from the duty of yielding obedience to an order made directly by the judge, touching the same subject matter. The injunction, so long as it remained in force, operated as a *supersedeas* to the execution; the legal authority to sell the property was withdrawn by the same authority which had given it, to-wit: by the act of a competent court; and the sheriff had no more legal justification for his act than if he had proceeded to sell after the execution had been quashed." See, also, *Baines* v. *Zemansky*, 176 Cal. 369, 373 [168 Pac. 565], where it was held if the superior court has jurisdiction, upon any possible state of facts, to prohibit or enjoin the performance of an act, the sufficiency of the petition or complaint upon which that court acts, so far as the facts stated therein are concerned, cannot be inquired into by the supreme court in a collateral proceeding, such as an application for a writ of mandate.

So here it is likewise unnecessary to consider whether the complaint in the superior court shows a proper case for an injunction. For the present purpose it is enough that the nature of that action, as shown by the complaint, is that the plaintiff therein has sought to state equities which he claims entitle him to an injunction, and that that court in the exercise of its discretion has held that the complaint on the face of it states facts which entitle the plaintiff to a restraining order and a temporary injunction, which will hold the property and the levy *in status quo* until the merits of that action can be determined. If that were clearly and solely an action at law (as in *Von Der Kuhlen* v. *Cline, supra*), wherein the court clearly had no power to grant an injunction, we agree that an injunction granted therein

would not affect the duty of the sheriff to proceed under the execution, and he would be subject to *mandamus* to compel him to proceed. **[2]** But we think that the writ of *mandamus* should not be used as a writ of error to interfere with an order of injunction made by a court where the court was acting within its jurisdiction, even though such action may be erroneous.

The alternative writ is discharged and the peremptory writ denied.

Curtis, J., and Hahn, J., *pro tem.*, concurred.