FORD *v.* ANDERSON, SHERIFF, ET AL.

(Decided December 12, 1927.)

*Mr. Charles E. Dornette,* for plaintiff.

*Mr. Charles P. Taft, 2d,* prosecuting attorney, and *Mr. Augustus Beall, Jr.,* for defendant Anderson, Sheriff.

*Mr. Samuel Rotter,* for defendant the Bergewisch Company.

HAMILTON, P. J. The plaintiff, Bert O. Ford,

brought an action in the court of common pleas of Hamilton county against William Anderson, sheriff, and the Bergewisch Company, asking for an injunction to restrain the levy of an execution placed in the hands of the sheriff by the Bergewisch Company, seeking to enforce satisfaction of a judgment recovered by the Bergewisch Company against the National Meat & Produce Company.

The plaintiff alleges that he is the owner of a certain retail meat and market store, situated at No. 741 West Court street, Cincinnati, Ohio; that the defendant the Bergewisch Company claims that the plaintiff's said store is the property of the National Meat & Produce Company, and has instructed William Anderson, the sheriff, to execute a levy on said store as the property of the National Meat & Produce Company, and that, unless restrained, the sheriff will levy upon the said store of this plaintiff; that, if said store is levied on, its daily business will be interfered with, its good will injured, and plaintiff will suffer irreparable injury, for which he has no adequate remedy at law.

The sheriff answered, admitting the receipt of the execution and alleging that the levy has not been made on account of notice of a temporary restraining order in this case.

The defendant company demurred to the petition, which demurrer was overruled in the trial court.

The Bergewisch Company thereupon answered, admitting that it recovered a judgment against the National Meat & Produce Company, admitting that it claims the meat market and store is the property of the National Meat & Produce Company, and admitting the placing of the execution in the hands of

the sheriff, for levy on the meat market and store, and denies that the store is the property of the plaintiff, and denies the other allegations of the petition.

The trial of the case resulted in the plaintiff securing a permanent injunction against levying the execution on the property in question. From that judgment, the Bergewisch Company appeals to this court.

It appears from the evidence that the National Meat & Produce Company was organized, and that it established several retail meat markets and stores in the city of Cincinnati; that Ford, the plaintiff, was one of the officers of the company. The record discloses that the company became involved and was indebted to numerous creditors, that the company sold the meat markets and stores, together with the assets of the company, to a Mrs. Harmon, for the sum of approximately $6,000 cash, and that it distributed the same to the creditors of the company, and suspended business, without going through any form of dissolution. Subsequently Ford, the plaintiff, purchased from Mrs. Harmon one of the meat markets and stores for the sum of $800 cash, and took over and is operating the meat market and store.

Defendant sought to prove that these sales and transfers were fraudulent, and made for the purpose of defrauding the creditors of the National Meat & Produce Company; that the sale was not legally made and was in violation of the statutes of Ohio. This defense cannot be maintained in this action. Section 11104, General Code, provides, among other things, that a sale for the purpose of defrauding creditors may be set aside at a suit of

a creditor. If the defendant desired to set aside this sale as fraudulent, it was incumbent upon it to bring this suit as a creditor to set aside the sale. If the sale was made in violation of what is known as the Bulk Sales Law (Sections 11102 to 11103-1, General Code), it was incumbent upon a creditor to within 90 days make application to hold transferee a trustee of the property for the creditor.

While evidence of this character might have been admissible as affecting plaintiff's appeal to a court of equity, which requires that he come into court with clean hands, it is sufficient to say that full and adequate consideration was paid for the property in question. No actual fraud was shown, and, if there was constructive fraud, justifying the setting aside of the sale, that would have to be done in the manner above stated.

This leaves but the one question, whether or not plaintiff has an adequate remedy at law, and is not entitled to equitable relief.

The Bergewisch Company, defendant, argues that the plaintiff has adequate remedy under favor of Section 11741, General Code of Ohio, which, in substance, provides that, where property is taken on a writ of execution, and the property is claimed by a person other than the defendant, the question of ownership of the property may be tried by a justice of the peace, and plaintiff therefore has an adequate remedy at law. While this is a method of recovery of property taken on execution by a third party claiming the ownership, and might be an adequate remedy in some instances, the statutory remedy would be inadequate and insufficient in a case like this.

It is in the record that the tangible assets of the meat market consisted mainly of but a few furnishings and fixtures of small value. The business as a going concern is a valuable one, and, if execution was levied on the tangible assets, that would close the business, ruin the good will, and his business, for which plaintiff had paid full value in money, would be a total loss to him.

The rule is well stated in 10 Ruling Case Law, p. 1255, as follows:

"It is an almost universal rule that a sale under execution of personal property will not be enjoined unless it possesses some peculiar value or attribute to the owner, or the sale would cause him irreparable damage, or unless for some other reason he has no full and adequate remedy at law. As within that aspect of the rule which relates to irreparable damage instances may be noted where injunctions may be granted against the sale of personal property on the ground of preventing a person's business from being ruined, or causing irreparable damages thereto."

The following are cases supporting this proposition of law: *Patty* v. *Mansfield,* 8 Ohio, 369; *Jones* v. *Wilson Carr & Co.,* 16 Ohio St., 420; *Betz* v. *Betz,* 4 Ohio App., 264; *Miller* v. *Longacre,* 26 Ohio St., 291; *State, ex rel. Voight,* v. *Lueders, Probate Judge,* 101 Ohio St., 211, 128 N. E., 70.

In the case of *Ross* v. *Page,* 6 Ohio, 166, 167, the court said in the opinion:

"Where the trespass amounts to waste, going to the destruction of the estate, and producing an injury for which pecuniary compensation cannot be made, chancery may be called upon for its aid to stay the mischief by injunction."

In the case of *Harding* v. *Perin, Jr.*, 8 C. C. (N. S.), 533, the syllabus is:

"Where a plaintiff is in possession of property which the defendant claims by adverse title, and the defendant is threatening acts which will tend to the destruction of the estate, the prayer of the plaintiff for an injunction will be granted until such time as the defendant establishes his title by an action at law."

It seems clear that a levy of execution upon the plaintiff's property, situated as it is, would result in a wasting of and a ruining of the business, and unless and until the defendant, by proper action, establishes its claim of fraud, the prayer of the plaintiff for an injunction will be granted.

An entry may be presented granting a permanent injunction.

*Injunction granted.*

MILLS and CUSHING, JJ., concur.