BETTMAN-DUNLAP CO. *v.* GERTZ.*

(Division A.    March 26, 1928.)

[116 So. 299.    No. 26991.]

1. EXECUTION. *Equity will restrain execution of judgment, where judgment defendant has uncollectible debt against judgment creditor.*

   Equity will restrain the execution of a judgment, when the judgment defendant has a debt against the judgment creditor which equals or exceeds the judgment, and which the judgment debtor cannot otherwise collect,

2. EXECUTION. *Nonresidence of judgment creditor is sufficient reason for court of equity to restrain execution against debtor having debt against creditor.*

Nonresidence of judgment creditor having no property within state is sufficient reason for intervention of court of equity to restrain execution of judgment as against judgment debtor having debt against creditor equaling or exceeding the judgment.

3. JUDGMENT. *Seller, obtaining judgment for shoes on plea that shoes were property of buyers, cannot repudiate obligation to deliver shoes or pay value.*

Seller having sought and obtained a judgment for full value of shoes on a plea in effect that shoes were property of buyers and were being held by seller subject to buyer's orders, it cannot thereafter repudiate its obligation to deliver the shoes or pay value thereof.

4. SET-OFF AND COUNTERCLAIM. *Equity will allow set-off to prevent irremedial injustice or to effect clear equity, though debts are not mutual.*

Whenever it is necessary to effect a clear equity or prevent an irremediable injustice, set-off will be allowed in equity, although debts are not mutual, and set-off therefore one which a court of law would not be authorized to make.

5. SET-OFF AND COUNTERCLAIM. *Buyer's claim against seller for value of shoes after judgment against buyer held subject to set-off against judgment obtained by seller.*

Claim of seller on judgment against buyer for value of shoes sold, and claim of buyer for such shoes, or their value in accordance with judgment, *held* to have grown out of same transaction, authorizing set-off of buyer's claim against judgment.

*Corpus Juris-Cyc. References: Executions, 23CJ, p. 556, n. 31; Judgments, 34CJ, p. 467, n. 8; p. 469, n. 38; p. 470, n. 40; p. 938, n. 67; Recoupment, Set-off and Counterclaim, p. 641, n. 85; p. 682, n. 51; p. 724, n. 5; Injunction against enforcement of judgment as aid to equitable set-off of claim against judgment creditor, see annotation in 30 L. R. A. 569-571; 31 L. R. A. 763-770; 35 L. R. A. (N. S.) 142; 24 R. C. L. 806.

APPEAL from chancery court of Holmes county.
HON. T. P. GUYTON, Chancellor.

Suit by Ben Gertz against the Bettman-Dunlap Company. From a decree overruling a demurrer to the bill and overruling a motion to dissolve a preliminary injunction, defendant appeals. Affirmed and remanded.

*G. H. McMorrough,* for appellant.

Complainants, in the bill of complaint for injunction, make the entire record of the circuit court case and the case in supreme court exhibits to the bill of complaint, and examination of this record will show this in an attempt either to retry the case or to raise defenses that could or should have been raised in the circuit court trial. That he cannot do this is well settled. This court. in *Campbell* v. *Pickens Bank,* 134 Miss. 559, denied an injunction against an execution issued under a judgment in a justice of the peace court. In that case the complainant bank undertook to secure a perpetual injunction against an execution based upon a judgment in a garnishment proceeding. The bank alleged that it had no notice of garnishment proceeding and showed conclusively that it did not have any money of the original defendant (Meeks) at the time of the alleged service of garnishment writ, nor at any time subsequent thereto. In fact it answered in the negative all the averments or interrogatories in the garnishment writ and proved same conclusively, thus showing that plaintiffs in execution did not lose or suffer anything from the bank's failure to appear and answer the garnishment writ. Of course if the bank had been permitted to try its case in the injunction hearing, it, in equity, could have sustained its contention and secured perpetual injunction, but this court denied same and compelled it to the original judgment in full. In the case at bar Gertz Bros. could have interposed its defense of set-off or recoupment or counterclaim because of plaintiffs in execution withholding the shoes an examination of the record in the case in 136 Miss. 160, will show that this feature was thoroughly gone into. Gertz Bros. had complete information and full opportunity to shape his pleadings accordingly and get the benefits therefrom. If he had done so and lost his case as he did, his remedy, if any, would have been

by appeal from the circuit court to the supreme court. He cannot now attempt to litigate it in an equity proceeding under the guise of an injunction. . A court of equity will not enjoin or in any way interfere with a judgment at law so long as there is an adequate remedy at law, such as appeal or *certiorari.* 15 R. C. L. 749, 30 L. R. A. 703; 30 L. R. A. 705; 30 L. R. A. 98; 30 L. R. A. 134; 54 A. S. R. 230; *Gum Carbo Co.* v. *German Gazette,* 90 Miss. 177; *Flanneken* v. *Wright,* 64 Miss. 217.

In the case at bar it will be observed that when execution was issued and when the injunction was applied for and issued time limit for appeal to the supreme court had not expired. In *Ricks* v. *Richardson,* 70 Miss. 424, this court held that an injunction could not be granted for the reason that petitioner had an adequate remedy at law by *supersedeas* or appeal. See *Hinton* v. *Shedd,* 115 Miss. 208; *Boone* v. *Poindexter,* 12 S. & M. 640. It is thoroughly established in this state that our courts of equity will not grant relief after a judgment at law, when the remedy at law was fully adequate and might have been made available by proper skill and vigilance. 'Griffith, Miss. Chan., 463; *Tatum* v. *Tate,* 77 Miss. 687. A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense of which he could not avail himself at law, or had a good defense at law which he was prevented from availing himself of by fraud or accident unmixed with negligence of himself or his agents. *Hendrickson* v. *Hinckley,* 15 L. Ed. 123; Lewis & Spelling, Inj., 369; 15 R. C. L. 882; 44 L. R. A. (N. S.) 727.

The gravamen of the injunction suit is to retry his case which he lost in the circuit court and dared not appeal on the record he made in that case. Equity will not use its injunctive process to aid a negligent defendant in a judgment that might even be erroneous, if the defendant therein failed to avail himself of an adequate

and complete legal remedy for its correction. *Gum Carbo Co.* v. *German Gazette,* 90 Miss. 177.

*Boothe & Pepper,* for appellee.

We have no fault to find with the law cited by attorney for appellant, as being the law in certain cases, but not a single decision or reference made is applicable to the amended bill of complaint and the demurrer thereto. The demurrant admitting all of the allegations of the bill of complaint, that is that Bettman-Dunlap Co., a nonresident corporation, is due Ben Gertz, complainant, the sum of two thousand five hundred dollars, the value of shoes purchased by Gertz from Bettman-Dunlap Co., which they have failed and refused to deliver and are now attempting through fraud and device to collect the purchase money judgment therefor, without delivering or accounting for the property for which the judgment stands as purchase money, and that Bettman-Dunlap Co., have property in the hands of an agent in Holmes county within the jurisdiction of the chancery court of that county, subject to attachment and garnishment under our statute, but not sufficient to cover the value of the shoes which they have failed to deliver, or even to account for. The court appreciated the point raised by appellant in demurrer and in its brief, that the defense to the judgment rendered in the circuit court, or rather in that suit, was the same which we are raising in our bill of complaint. In this he is entirely in error. According to the bill of complaint the only question there involved was the amount of the deduction which he received on purchase price of shoes. The supreme court on first hearing of the cause had decided that the only question involved was the amount of the deduction, and that the purchasers, Gertz Brothers should receive the shoes and pay for same after the amount of deduction was fixed by the jury. Bettman-Dunlap Co., under the

agreement continued to hold the shoes until that was done, but have totally failed and refused to deliver the shoes when they obtained their judgment.

After the judgment was rendered in the circuit court, Gertz Bros., had every reason to believe and did believe that their shoes which were then held in storage by Bettman-Dunlap Co., would be promptly delivered to them on the payment of the judgment. In other words, in the circuit court suit the fraudulent and deceitful conduct of the Bettman-Dunlap Co., could not be anticipated by Gertz Bros. A motion to dissolve injunction should not be sustained where serious questions of law and fact are involved, and the testimony conflicts and a dissolution would practically defeat or greatly impair the relief sought. *Alcorn* v. *Saddler,* 66 Miss. 221, 5 So. 294. An injunction should not be dissolved on an original bill under which it is granted, where it would be sustained on the amended bill. It is therefore proper that the amended bill should be considered on the question of dissolution. *Belzoni Oil Mill Co.* v. *Y. & M. V. R. R. Co.,* 94 Miss. 58, 47 So. 468. In the case at bar, the demurrer and motion to dissolve injunction are both aimed at the amended bill, which states a very strong case for equitable relief and protection and from the working of an actual fraud by the plaintiff in execution. On motion to dissolve injunction, the allegations of the bill must be taken as true. *Terry* v. *Haggeman,* 102 Miss. 224, 59 So. 75. The bill of complaint in this cause, as hereinbefore stated, has two aspects or purposes. First, by way of attachment in chancery under our statute against nonresident defendants to obtain a decree in favor of the complainant of a debt due by defendant to complainant. Second, to enjoin and stay the collection of a judgment held by defendant against complainant until such time as complainant can reduce his claim to judgment, and set the one against the other by way of set-off or recoupment.

Complainant in the court below and appellee could not anticipate the conduct of appellant, defendant below, in carrying out the very verdict of the jury, which provided that they should deliver to the complainant below, appellee here, the shoes then in possession of appellant belonging to appellee.

SMITH, C. J.  This is an appeal, to settle the principles of the case, from a decree overruling a demurrer to an original bill and overruling a motion to dissolve a preliminary injunction issued pursuant to the prayer of the bill.  It appears, in substance, from the bill that in 1920 Gertz Bros., a partnership, composed of the appellee, Ben Gertz, and Abe and Frank Gertz, engaged in the mercantile business at Lexington and Cruger, Miss., purchased from Helmers-Bettman & Co., now Bettman-Dunlap Company, of Cincinnati, Ohio, a lot of shoes to be delivered at a future date, the price to be paid therefor to be in accordance with the market price thereof at the time of the delivery of the shoes.  The shoes were shipped by Bettman-Dunlap Company to Gertz Bros., who declined to receive them on the ground that the price charged therefor was not in accordance with the contract.  Bettman-Dunlap Company had the railroad company, in whose possession the shoes were, to return the shoes to it, and thereafter sued Gertz Bros. in the circuit court of Holmes county for the contract price of the shoes.

Several pleas were filed by Gertz Bros., one of which sets forth that Bettman-Dunlap Company had the shoes reshipped to it, and still retains possession thereof.  A replication to this plea admitted the facts therein alleged, and set forth, in effect, that Bettman-Dunlap Company took possession of the shoes after they had been wrongfully refused by Gertz Bros., stored them in its warehouse, and holds them subject to the order of Gertz Bros.  No reply seems to have been made to this repli-

cation. The case proceeded to judgment, and was appealed to this court (136 Miss. 160), where the judgment of the court below was reversed, and the cause remanded.

On the second trial in the court below, the jury returned the following verdict:

"We, the jury, find for the plaintiff in the sum of one thousand seven hundred eighty-three dollars and fifty-one cents and interest at six per cent. from January 1, 1921, and the defendant to receive the shoes."

A judgment was rendered on this verdict for the sum of two thousand two hundred ninety-eight dollars and twenty cents; that being the principal and interest. Afterwards the partnership of Gertz Bros. was dissolved, Ben Gertz continued in business at Cruger, and Abe and Frank Gertz removed to Greenwood, where they engaged in a mercantile business, but afterwards failed, and, in a proceeding therefor, were adjudged bankrupts. Among the liabilities scheduled by them in that proceeding was the judgment obtained against Gertz Bros. by Bettman-Dunlap Company. Afterwards G. H. McMorrough, attorney at law, who had represented Bettman-Dunlap Company in the litigation with Gertz Bros., called on Ben Gertz for the payment of the judgment, which he promised to pay provided Bettman-Dunlap Company would ship to him the shoes that Gertz Bros. had ordered from it, and for the price of which the judgment was rendered. To this McMorrough agreed, and a lot of shoes were shipped to Gertz, at Cruger, by Bettman-Dunlap Company. These shoes were inspected by Gertz after their arrival at Cruger in McMorrough's presence, and were rejected by him on the ground that they were different in character and less in quantity than as purchased. McMorrough then took possession of the shoes, and, according to the bill, still has them in his possession.

Afterwards, McMorrough, representing Bettman-Dunlap Company, had an execution issued on the judgment against Gertz Bros. and placed in the hands of the sheriff, who was about to levy on the property of Ben Gertz. Gertz then exhibited this bill against Bettman-Dunlap Company, the sheriff, McMorrough, and Abe and Frank Gertz. The bill alleges, in substance, that Bettman-Dunlap Company is a nonresident corporation, and is indebted to Gertz Bros. to the amount of the value of the shoes, which exceeds the amount of the judgment held by it against Gertz Bros. The prayer of the bill is, in substance: (1) That the value of the shoes which Bettman-Dunlap Company failed to deliver to Gertz Bros. be ascertained, and, in the event it equals the amount of the judgment, that the one be set off against the other, and the collection of the judgment be perpetually enjoined; (2) in the event the value of the shoes exceeds the amount of the judgment, "they be granted a decree over therefor" against Bettman-Dunlap Company; and (3) that the shoes which McMorrough holds for Bettman-Dunlap Company be subjected to the payment of this decree over.

Equity will restrain the execution of a judgment when the judgment defendant has a debt against the judgment creditor which equals or exceeds the judgment, and which the judgment debtor cannot otherwise collect. 34 C. J. 467; *Posey* v. *Maddox,* 65 Miss. 193, 3 So. 460; *Feld* v. *Coleman,* 72 Miss. 545, 17 So. 378. In these cases the inability of the judgment debtor to collect the debt due him by the judgment creditor was caused by the insolvency of the judgment creditor, but the nonresidence of a judgment creditor who has no property in the state is also a sufficient reason for the intervention of a court of equity. 34 Cyc. 641; 34 C. J. 470; 24 R. C. L. 806; 15 R. C. L. 758. Compare *Sterling Products Co.* v. *Watkins-Gray Lumber Co.,* 131 Miss. 145, 95 So. 313.

But it is said by counsel for the appellant that the appellee should have set off the value of the shoes against the claim for the price therefor in the litigation in which Bettman-Dunlap recovered the judgment against him; and, having failed so to do, he thereby waived any right of set-off he may have had. There can be no merit in this contention, for the appellant sought and obtained a judgment for the full value of the shoes on a plea, in effect, that the shoes were the property of Gertz Bros. and were being held by it subject to their orders. Having obtained a judgment accordingly, it cannot repudiate its obligation to deliver the shoes or pay the value thereof.

Again it is said by counsel for the appellant that to warrant a set-off the claims "must be mutual," and "furthermore both judgments must be between the parties in the same capacity." We are not called upon to determine whether that mutuality exists between the two claims here under consideration that would permit one to be set off against the other in an action at law, for the "doctrine of mutuality is not permitted to work an injustice, for, whenever it is necessary to effect a clear equity or to prevent an irremediable injustice, the set-off will be allowed, in equity, although the debts are not mutual, and the set-off therefore one which a court of law would not be authorized to make." 34 Cyc. 724; 3 Story's Eq. (14th Ed.), section 1875; *Hall* v. *Waddill,* 78 Miss. 16, 27 So. 936, 28 So. 831. What the appellee is attempting to do here is to set off, against a judgment rendered against him and two others, a debt due by the judgment creditor to himself and the other two judgment debtors. The consideration on which this judgment rests is the promise of Gertz Bros. to pay for the shoes; and the consideration on which the promise of Gertz Bros. to pay for the shoes rests is the promise of Bettman-Dunlap Company to deliver the shoes. The two claims therefore "grow out of the same transaction,

and the consideration of each undertaking rests upon the other; so that a clear equity intervenes, that one obligation shall not be enforced unless the other is satisfied, and that each claim, if neither undertaking is performed, shall, as far as they are equal, cancel and satisfy the other.'' It would be most inequitable to permit the appellant to collect its judgment from the appellee without delivering or paying for the shoes.

It is not necessary for us now to consider, and we express no opinion on, the appellee's claim to a judgment over against the appellant in event the value of the shoes should exceed the amount of the appellant's judgment.

*Affirmed and remanded.*