PROCHNOW *v.* ANDERSON.

1. EXECUTION—EQUITY—JURISDICTION—RESTRAINING SALE ON EXECUTION.

> Equity will not entertain jurisdiction to restrain the sale on execution of personal property unless it has some special value to the owner, or, if taken from him, cannot readily be replaced or compensated for by damages.

2. Same—Adequate Remedy at Law—Restraining Sale of Shares of Stock in Close Corporation.

> Where shares of stock in a close corporation, none of which was for sale, were levied on, and the owner, if dispossessed, could not replace it, and therefore it had a special value to him because on it depended his control of the company, in which he had a large amount of money invested, his remedy at law was not adequate, and equity had jurisdiction to restrain its sale.

3. Fraudulent Conveyances—Transfer of Stock Not With Intent to Defraud Creditors.

> Evidence held, insufficient to show that a sale of shares of corporate stock made to plaintiff by a debtor before judgment was obtained against him was made with intent to defraud creditors.

Appeal from Washtenaw; Dingeman (Harry J.), J., presiding. Submitted June 12, 1928. (Docket No. 97, Calendar No. 33,719.) Decided October 24, 1928.

Bill by Walter A. Prochnow against Margaret M. Hoover-Anderson, James W. Robison, sheriff, and another to enjoin an execution, levy, and sale of corporate stock. From a decree for plaintiff, defendants Anderson and Robison appeal. Affirmed.

*Cavanaugh & Burke* (*J. F. Fahrner*, of counsel), for plaintiff.

*A. F. Freeman* (*Frank E. Jones*, of counsel), for appellants.

McDonald, J. Margaret M. Hoover-Anderson had a judgment against Howard G. Engard. She caused an execution to be issued out of the circuit court for Washtenaw county, Michigan. The sheriff made a levy on 20 shares of common stock of the Ann Arbor Buick Service Company, which it was claimed belonged to Engard. The plaintiff in this

case, who is president of the Ann Arbor Buick Sales
Company, and its largest stockholder, filed a bill to
restrain the sale by the sheriff of all but two shares
of the stock on the ground that only two shares be-
longed to Engard, and that he, the plaintiff, owned
the balance, which stood in his name on the books
of the company. The theory of the bill, as amended,
is that the plaintiff is entitled to relief in equity be-
cause the Ann Arbor Buick Service Company is a
close corporation; that none of its stock is for sale;
and that the 18 shares upon which the sheriff levied
has a special value to the plaintiff. The defendants
filed a motion to dismiss the bill, the principal
ground being that the plaintiff had an adequate
remedy at law. The motion was denied, and the
plaintiff was permitted to amend his bill. It was
further claimed in defense to the action that the
sale by which the plaintiff acquired ownership of all
but two shares of Engard's stock was made with in-
tent to hinder, delay, and defraud other creditors
of Engard and was therefore void. On the hearing,
the court found for the plaintiff and entered a decree
restraining the sale by the sheriff of 18 of the 20
shares levied on. The defendants Anderson and
Robison have appealed.

It is first urged that the bill should have been dis-
missed on defendants' motion, for the reason that
the plaintiff had an adequate remedy at law. Equity
will not entertain jurisdiction to restrain the sale on
execution of personal property unless it has some
special value to the owner or, if taken from him,
cannot readily be replaced or compensated for by
damages. *City Bank & Trust Co.* v. *Hurd,* 179 Mich.
454; *Asiulewicz* v. *Pietrazewski,* 220 Mich. 690.

The property levied on was not a commercial ar-
ticle with a market value. It was shares of stock

in a close corporation. None of it was for sale. If dispossessed of the stock, he could not replace it. It has a special value to him because on it depended his control of the business in which he had a large amount of money invested. In view of these facts, his remedy at law was not adequate, and equity has jurisdiction to restrain the sale of stock under levy.

One other question requires discussion. Was the sale of this stock to the plaintiff by Engard a good-faith transaction, or was it made to hinder, delay, and defraud creditors? This company was organized August 1, 1923. All of the stock was held by the plaintiff, Walter A. Prochnow, the defendant Howard Engard, and one Lew Selaska. Engard gave his note for $8,700 in payment of 87 shares of stock. Mr. Engard had no money, and was unable to pay anything on the interest or principal of the note. In August, 1926, some difficulty arose in regard to the business, which convinced the plaintiff that it was necessary for him to secure control. Accordingly, he purchased all of the stock held by Engard except two shares. Engard's note was canceled, his stock surrendered, and new certificates were issued, two to Engard and 85 shares to the plaintiff. So, at the time of the levy only two shares of stock stood in the name of Engard on the books of the company. This sale of stock to the plaintiff was made a short time before Mrs. Anderson obtained her judgment against Engard and about three months before the execution was issued. We are unable to find any evidence in the record which would justify us in holding that the sale was made with intent to defraud the creditors of Mr. Engard. It appears to have been in entire good faith and for a valuable consideration. In restraining the sale for all of the stock levied on except the two shares which

stood in the name of the defendant Engard on the books of the company, the trial court correctly disposed of the issue.

The decree is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.