LITTLE HORN STATE BANK OF WYOLA, RESPONDENT, v. GROSS ET AL., APPELLANTS.

(No. 6,749.)

(Submitted April 9, 1931. Decided April 24, 1931.)

[300 Pac. 277.]

*Messrs. Guinn & Maddox,* for Appellant, submitted a brief; *Mr. C. C. Guinn* argued the cause orally.

*Messrs. Johnston, Coleman & Jameson* and *Mr. T. H. Burke,* for Respondent, submitted a brief; *Mr. H. J. Coleman* argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

This action was brought by plaintiff to cancel a judgment held by defendants Owen and Birlew, in so far as the same is a lien upon certain land belonging to plaintiff, and to restrain the sale thereof under execution issued upon that judgment. There was judgment for plaintiff, and defendants appeal.

In 1925 defendant Gross was the owner of 160 acres of land in Big Horn county. He was indebted to plaintiff in the sum of approximately $13,000, which indebtedness was secured by a first mortgage upon the land. Defendants Owen and Birlew were the owners of a mortgage upon, and a judgment lien against, the land. Both mortgage and judgment were subordinate to plaintiff's mortgage. In December, 1925, plaintiff determined that it could not let the indebtedness run longer, that the security was inadequate and it would be forced to realize on its security. Plaintiff advised Gross that if he would deed the land to it free and clear of encumbrances, it would cancel $10,000 of the indebtedness and take his unsecured note for the balance owing, otherwise it would be necessary to foreclose the mortgage. Gross accepted the offer.

An examination of the county records disclosed the Owen and Birlew mortgage and judgment. At plaintiff's suggestion Gross communicated with Owen to ascertain for what consideration he and Birlew would release the mortgage and judgment as to the particular land.

The complaint alleges that thereafter Gross advised plaintiff that defendants Owen and Birlew had agreed to release their lien of judgment and mortgage against the land upon payment to them of $250, and that it believed that an agreement had been made between the parties and advanced defendant Gross that sum for the purpose of securing the required release, and that Owen and Birlew had in fact agreed to release the judgment and mortgage held by them, for $250; that plaintiff instructed its attorney, T. H. Burke, of Hardin, to prepare proper releases of the judgment and mortgage held by Owen and Birlew, who thereafter delivered to it an instrument which plaintiff was advised and believed constituted a full

and complete release of the judgment and mortgage, and that upon the payment of $250 such release was executed by Owen and Birlew and delivered to Gross; that plaintiff, believing the judgment and mortgage had been released and canceled, and relying thereon, surrendered to Gross all notes affecting the land, and that Gross and wife executed and delivered to plaintiff their deed conveying the land to it, and that plaintiff would not have accepted the deed in satisfaction of the Gross indebtedness had it not believed that it was securing a clear and unencumbered title to the land. It is alleged that through the mistake, inadvertence and misunderstanding of plaintiff's attorney the release and satisfaction drawn by him did not purport to satisfy, or have the effect of satisfying, the judgment of defendants Owen and Birlew against Gross, and only constituted a release of the mortgage held by them, and that as a result of the transaction, when plaintiff accepted the deed from Gross and wife for the land it was apparently subject to the lien of the judgment, and that it did not discover the error until about December 9, 1927, after defendants Owen and Birlew had caused execution on the judgment to be issued; that the sheriff of Big Horn county, acting under the execution, was about to sell the land, and prayed for an order and decree restraining the sheriff from so doing, and for a decree canceling the judgment upon which execution was issued, in so far as the same constitutes a lien upon or charge against the land described.

Defendants admitted that Owen and Birlew had a lien on the land by virtue of the judgment against Gross, but denied that Owen and Birlew had ever agreed to satisfy the same, but had agreed to release and satisfy only their mortgage. They denied that any mistake had been made or that there was any inadvertence or misunderstanding on the part of the plaintiff's attorney in preparing the instrument referred to in the complaint, and alleged that if there was any mistake, inadvertence or misunderstanding, it was due solely to plaintiff's own culpable negligence and carelessness and was unilateral and not mutual; that due to plaintiff's own laches and unreasonable delay plaintiff was not entitled to equitable relief.

476

Issue was joined by reply and trial had before the court without a jury. Findings of fact and conclusions of law in substantial conformity with the allegations of the complaint were filed, and judgment was entered for plaintiff. This appeal followed.

Upon the filing of the complaint a temporary injunction was issued restraining defendant John B. Shreve, as sheriff, from proceeding with the sale of the land under the execution issued upon the judgment of Owen and Birlew. Defendants' motion to dissolve the injunction was denied and they predicate error upon the ruling. Defendants did not appeal from the order and the question cannot here be considered. The order denying defendants' motion to dissolve the injunction was an appealable order. (Sec. 9731, Rev. Codes 1921; MacGinniss v. Boston etc. Min. Co., 29 Mont. 428, 75 Pac. 89; Bennett Bros. Co. v. Congdon, 20 Mont. 208, 50 Pac. 556.) Section 9750, Id., provides that upon appeal from a judgment this court may review the decision, and any intermediate order or decision excepted to, which involves the merits or necessarily affects the judgment, "except a decision or order from which an appeal might have been taken." Under this section we have no power to review the action of the court upon the motion to dissolve the injunction; being an appealable order, it cannot be reviewed on appeal from the judgment. (Great Falls Meat Co. v. Jenkins, 33 Mont. 417, 84 Pac. 74; 2 Cal. Jur. 823.)

Counsel contend that the court erred in denying their motions for nonsuit at the close of plaintiff's case. Defendants did not stand upon their motions but introduced evidence in their own behalf, and the law is settled in this jurisdiction that in such case the evidence will be considered in its entirety. (Burden v. Elling State Bank, 76 Mont. 24, 46 A. L. R. 906, 245 Pac. 958; Liston v. Reynolds, 69 Mont. 480, 223 Pac. 507.)

Counsel insist that "the evidence is insufficient to support the findings and the judgment of the court." While it is not entirely clear, apparently the argument is grounded upon the theory that plaintiff had a plain, speedy and ade-

quate remedy at law, in that any injury arising out of the sale of the land could be compensated by damages.

"The prevention of a cloud upon title is a salutary branch of the jurisdiction of equity, recognized by all the authorities, and founded upon the clearest principles of right and justice." (1 High on Injunctions, 4th ed., 349; *Asiulewicz* v. *Pielrazewski,* 220 Mich. 690, 190 N. W. 659; *Betz* v. *Betz,* 4 Ohio App. 264; *Bettman-Dunlap Co.* v. *Gertz,* 149 Miss. 892, 116 South. 299; *Brown* v. *Jernigan,* 74 Cal. App. 524, 241 Pac. 108; *Murphy* v. *Riecks,* 40 Cal. App. 1, 180 Pac. 15; *Robinson* v. *Carlton,* 29 Ky. Law Rep. 876, 96 S. W. 549; *Gillett* v. *Cheairs,* 79 Colo. 20, 243 Pac. 1112.)

Here, execution had been issued and placed in the hands of the sheriff who was about to sell the land, which would cast a cloud upon plaintiff's title. We are of the opinion that this is a proper case for the intervention of equity.

It is contended by counsel for defendants that plaintiff was guilty of gross negligence in the matter of securing the release and, in consequence, equity will not relieve against the mistake. The testimony discloses that plaintiff bank is located at Wyola and its attorney resides at Hardin. After some correspondence and negotiations plaintiff advised its attorney to prepare a release of the mortgage and judgment, and pursuant to such request there was received by plaintiff through the mail a typewritten instrument. Plaintiff's cashier testified that he examined the release; that it was not in the usual form and he thought it a release both of the mortgage and judgment and forwarded it to Owen for signature; that upon the return of the release duly executed by Owen and Birlew he paid them $250 and that the release was filed in the office of the clerk and recorder, and that plaintiff did not learn that the judgment was not satisfied until the sheriff levied upon the land. That Owen and Birlew had agreed with Gross to release the mortgage and satisfy the judgment in so far as they affected the land in suit for the consideration of $250 and that plaintiff believed the release covered both mortgage and judgment, cannot be doubted; neither can it be doubted that there

was negligence on plaintiff's part, but is it negligence of such character that equity will not relieve against it?

It is not every mistake that will prevent equitable relief, as has sometimes been asserted. "It would be more accurate to say," observes Mr. Pomeroy in discussing this subject, "that when the mistake is wholly caused by want of that care and diligence in the transaction which should be used by every person of reasonable prudence, and the absence of which would be a violation of legal duty, a court of equity will not interpose its relief." After adding that each instance of negligence must depend largely upon its own circumstances, he says: "The conclusion from the best authorities seems to be that the neglect must amount to the violation of a positive legal duty. The highest possible care is not demanded. Even a clearly established negligence may not of itself be sufficient ground for refusing relief, if it appears that the other party has not been prejudiced thereby." (2 Pomeroy's Equity Jurisprudence, 4th ed., 1747, and cases cited.)

The rule is succinctly stated by Mr. Justice Sanner, speaking for this court in *Cox* v. *Hall*, 54 Mont. 154, 168 Pac. 519: "The term 'mistake' always involves the conception that the victim has been guilty of some degree of negligence which may or may not be excusable in the circumstances of the particular case; and courts of equity are not bound by cast-iron rules, but are governed by rules which are flexible and adapt themselves to particular exigencies, so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other."

Here, to refuse relief would permit defendants to profit by reason of plaintiff's mistake and it would suffer a great wrong. The consideration paid by plaintiff is retained by defendants; their liens were subordinate to the lien of plaintiff; the mortgage held by it was given to secure the payment of indebtedness in excess of $13,000, and the uncontradicted evidence shows the land to be of a value not exceeding $4,000,— had plaintiff foreclosed its mortgage and sold the land under execution sale it could not have sold for an amount sufficient to pay the principal debt,—and in consequence defendants' posi-

tion has not been changed and they will suffer no injury by reason of plaintiff's mistake. To permit Owen and Birlew to assert their judgment lien against the land would be unconscionable, inequitable and grossly unjust. This conclusion merely makes effective the agreement made between Gross, Owen and Birlew, for the satisfaction of the judgment lien in so far as it affects the land in question.

Other questions argued by defendants have been carefully considered and found to be without merit.

We have carefully examined the record and are of the opinion that the court's findings are amply supported by the evidence, and it follows that the judgment must be and is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and MATTHEWS concur.