| 65 | 193 |
| 72 | 547 |

A. A. POSEY & BRO. *v.* C. M. MADDOX ET AL.

1. CHANCERY PRACTICE. *Judgment for damages in attachment. Effect of Act of March 12, 1884, as to set-off.*

The Act of March 12, 1884, (Acts of 1884, p. 74,) which in effect provides that where a judgment for damages is awarded the defendant for the wrongful suing out of the attachment, the suit as well as the writ shall abate, so as to prevent a set-off of such judgment against the debt sued for, has no application to the principles of set-off as administered in the Chancery Court.

2. SAME. *Judgment for damages in attachment. Injunction. Set-off.*

> And when such judgment for damages is sought to be enforced, the execution thereof may be, in a proper case, enjoined in a court of chancery and the judgment be set off against the debt due the defendant therein.

APPEAL from the Chancery Court of Monroe County.

HON. BAXTER MCFARLAND, Chancellor.

A. A. Posey & Bro. exhibited this bill in equity against C. M. Maddox, George C. Paine, and Andy Wood.

The bill set out that on Jan. 18, 1887, Posey & Bro. sued out an attachment against C. M. Maddox; that issue was joined on said attachment upon a plea in abatement; that in May, 1887, the plaintiffs dismissed said attachment, and thereupon a jury, on a writ of inquiry, assessed the damages for such suing out of this attachment at $104; that a judgment for that amount was rendered against Posey & Bro. in favor of Maddox; that at the time of the rendition of this judgment Maddox was indebted to Posey & Bro. in the sum of $1,100.00, for which the attachment was sued out, and that Maddox was then and still is insolvent; that Maddox has since transferred this judgment to George C. Paine, who is now seeking to enforce it by execution.

The complainants, Posey & Bro., ask an injunction restraining the Circuit Clerk, Andy Wood, from issuing execution on such judgment, and prays that the amount thereof be set-off against the debt due complainants by the defendant Maddox.

The defendants demurred to the bill. The Court sustained the demurrer and dismissed the bill, and the complainants appealed.

Sec. 3 of an act entitled "An act relating to damages in attachment cases," approved March 11, 1884, Session Acts, p. 76, is as follows:

" Be it further enacted, that whenever the issue joined upon a plea in abatement of any writ of attachment shall be found for the defendant, or the creditor intervening under this act, the judgment of the Court shall be, that the defendant recover of the plaintiff and his sureties the amount of the damages assessed by the jury and costs, that the suit as well as the writ shall abate."

*Clifton & Eckford* and *W. B. Walker*, for the appellants.

The Statute of 1884 should be confined *in its operation alone to the remedy.* At the time of the rendition of the judgment enjoined here, complainant was not permitted by statute to off-set it against his claim in the attachment proceedings. The off-set at the time of judgment was clearly equitable on account of the nature of the claim as well as the situation of the parties. In such cases courts of equity gave relief long before there was any statute upon the subject of offset.

Waterman on Set-off, pages 18 and 19 and note 6; *Graves v. Hull,* 27 Miss., 419; *Jeffries* v. *Evans,* 43 Am. D., 158; *Blake et al.* v. *Langdon,* 47 Am. D., 701. See notes to this last cited case.

Much stress is laid on the words in the Code of 1880 (but not in act of 1884): "Shall have execution," and counsel construes these words to mean "shall collect his judgment, notwithstanding his insolvency and the existence of an equitable offset." Penal statutes are to be construed strictly; yet counsel wants not only his *execution*, but the *money* levied irrespective of other rights though clearly recognized.

It is true the general rule is that equity follows the law; but if there is an intervening equity connecting the demand of the plaintiff at law with the subject matter of the set-off beyond the statute, then courts of chancery will act upon it and grant relief by allowing the set-off.

*Jordan et al.* v. *Jordan Ex.,* 12 Ga., 77.

*Sykes & Bristow,* for the appellees.

The first question in this case is: Was Section 3 of the Act of March 11, 1884, *Act 1884, p. 77,* intended as a mere *brutum fulmen,* "a tale told by an idiot, full of sound and fury signifying nothing," or was it intended as a *real tangible, stinging penalty?*

When a special act is passed declaring in effect that in case a plaintiff in attachment fails to sustain it, and damages shall be awarded against him, the debt of the attaching creditor shall *not* be set-off against the judgment for damages, and expressly *repeals* the law *allowing* such set-off, will the plaintiff be allowed to turn around the next day and set it off in chancery, and in addition saddle the defendant with a long bill of chancery costs?

---

---

Section 3 of the Act of 1884 in effect declares that the defeated plaintiff in attachment shall *not* offset his debt against the damage recovered by the defendant, but shall be compelled to sue regularly with all the delays of "imparlance term" and other contingencies incident thereto.

Chancery will not mitigate in any degree the harshness of this statute. It is strictly a penal statute.

*Powers* v. *Wright*, 62 Miss., 35.

The punishment is that he has got to pay the damage *in cash* out of his pocket, even though he be relegated to the "Greek Kalends" for the recovery of his debt.

The real penalty is expressly stated in § *2433, Code 1880:* "If the action shall be dismissed the defendant shall have *execution* of said judgment for damages in *his* favor."

Section 3 of the Act of 1884 says the action *shall be dismissed* when the traverse is sustained. The traverse here *was* sustained, and the action *was* dismissed. It follows then that defendant was entitled to have "Execution of said judgment for damages in his favor."

Any other construction would simply be to allow a Court of Chancery to repeal the Act of 1884, and allow the set-off provided in the repealed Acts of 1878 and 1880, with a penalty of Chancery costs imposed on the defendant for having sued out the execution the law allows him!

*George C. Paine*, on the same side.

The amendment of 1884 was a necessity. The susceptibility to abuse and evil effect of §§ 2433 and 2434 of the Code of 1880 had been so flagrant and so keenly felt as to necessitate their modification.

It is a primary and controlling *rule* that *statutes are* to be so construed as to accomplish the legislative *intent*, to advance the remedy and suppress the mischief. See Potter Dwarris, p. 184, last six lines of text; 7 John, N. Y., 441, 1; 7 How., 23.

A Court of Equity will *not extend* a *remedy* in *aid* of the *law* to a case prohibited by the law.

See Waterman on Set-off, § 449.

CAMPBELL, J., delivered the opinion of the Court.

The demurrer should have been overruled. The act entitled "An Act relating to damages in attachment cases," approved March 11, 1884, Acts, p. 76, has no effect on the principles of set-off, as administered in chancery courts. Notwithstanding that act, a court of chancery will decree a set-off where, on principles of equity, it should be done. The bill presents a case for the interposition of a court of chancery.

*Reversed, demurrer overruled and cause remanded, with leave to answer in thirty days from the filing of the mandate herein in the Chancery Court.*