FELD & SILVERBERG ET AL. *v*. S. R. COLEMAN ET AL.

1. SET-OFF. *How far available, though barred.* Code 1880, § 2687.

Under § 2687, code 1880, providing that the fact that a set-off is barred shall not preclude the defendant from using it as such, if he held it against the debt before it was barred, such set-off can be used defensively or in extinguishment *pro tanto* of plaintiff's claim, but it cannot be the basis of a judgment against plaintiff for any excess.

2. SAME. *Damages in attachment. Right of plaintiff to offset.* Act 1884, p. 76.

Where, under act of 1884 (Laws, p. 76), a successful defendant in attachment recovers a judgment for damages, and plaintiff's action thereby abates, and the assignee of such judgment seeks to enforce it, plaintiff, though his claim has meantime become barred, the defendant being insolvent, may resort to equity to enforce his right conferred by § 2687, code 1880, to use said claim defensively as an offset against the judgment. *Posey* v. *Maddox*, 65 Miss., 193.

FROM the chancery court of Leflore county.

HON. H. C. CONN, Chancellor, presiding by interchange.

The opinion states the case.

*Rush & Gardner*, for appellants.

If execution had been issued on the Portwood judgment before the claim of Feld & Silverberg was barred, the case would be parallel with *Posey* v. *Maddox*, 65 Miss., 193, which settles the right of plaintiff to use his claim in equity as a set-off against the judgment of defendant in attachment. The account, having been held at the time the inquiry for damages was made, was a proper offset to the judgment, and could be so used in chancery, even though it had afterwards become barred. Code 1892, § 2756*a.* Code 1880, § 2687.

*Miller, Smith & Hirsh*, on the same side.

*S. R. Coleman*, for appellees.

This case differs from *Posey* v. *Maddox*, 65 Miss., 193. In that case the assignee of the judgment for damages in the attachment gave no time to attaching creditors to reduce to judgment their claim, which had been dismissed, and they had to resort to a court of equity to establish their claim. Here the assignees of the judgment for damages wait to see if any claim exists, and, when the law says there is none, they seek to enforce their judgment. Appellants cannot set up their claim in violation of the statute of limitations. 1 Pom. Eq. Jur., §§ 418, 419. Complainants must use diligence. *Ib.*, § 1361; 3 Wait Ac. and Def., §§ 180, 472; Freeman on Judgments, §§ 502, 503. There is no mutuality, and, besides, the statute as to set-off does not apply to judgments. *Holly* v. *Cook*, 590.

COOPER, C. J., delivered the opinion of the court.

The appellants brought suit by attachment against one Portwood to recover a debt he owed them of $371.52. On the plea of the defendant traversing the grounds of attachment alleged by the plaintiffs, the jury found that the attachment had been unlawfully issued, and awarded damages to the defendant of $369.05, on which verdict a judgment was rendered against the

plaintiffs and the surety upon their attachment bond, and their suit was dismissed. The appellants' claim against Portwood is now barred by limitation; he is insolvent, and has transferred and assigned the judgment he recovered against them to the appellees, Coleman & Barry, who have sued out an execution thereon.

The bill in this cause was filed by the appellants to enjoin the execution, and to obtain a decree setting off their demand on Portwood against the judgment, and thus satisfying the same. The bill avers that Coleman & Barry well knew, when they accepted the assignment of the judgment, that the complainants held this demand against Portwood as a set-off; and that the assignment was made by him for the purpose of defrauding complainants, which fact Coleman & Barry well knew. The defendants demurred to the bill, and, the demurrer having been sustained and their bill dismissed, the complainants appeal.

Unless the complainants' rights are affected by the fact that their demand is now barred by limitations, the case made by their bill entitled them to the relief prayed. *Posey* v. *Maddox,* 65 Miss., 193.

By our statute of limitation, code 1892, § 2756*a*, it is declared: "All the provisions of this chapter shall apply to the case of any debt or demand on contract alleged by way of set-off on the part of a defendant; and the time of limitation of such debt or demand shall be computed in like manner as if an action had been commenced therefor at the time when the plaintiff's action was commenced; and the fact that a set-off is barred shall not preclude the defendant from using it as such if he held it against the debt sued on before it was barred."

This section of the code deals with the statute of limitations in three aspects:

1. The general provisions of the chapter provide that no action shall be brought after the right is barred by the statutory period applicable to it. The first clause of this section, treating

the set-off as a cross action, applies the same statute of limitation to it as would have applied if the defendant had instituted an original action thereon.

2. By another section of the code (§ 687) it is provided that if the set-off pleaded by the defendant shall be established by him to an amount in excess of the sum found to be due to the plaintiff, the defendant shall have judgment against the plaintiff for such excess. The second clause of § 2756a suspends the running of the statute of limitations on the demand of the defendant pleaded by him as a set-off in that action, from the time when the plaintiff's action was commenced. Under this clause, a defendant whose demand against the plaintiff is not barred when the plaintiff's action is commenced, and which, but for the statute, would be barred when pleaded as a set-off, is given the right to use such demand defensively and offensively as against the plaintiff.

3. The third clause of this section was found for the first time in the code of 1880 (§ 2687), and was intended to meet the precise case now presented—i. e., cases in which persons having mutual and subsisting demands against each other, which might be used by either as a set-off in a suit brought by the other, the right of one becomes barred by limitation, and thereafter the other sues upon his unbarred claim. In such cases the right of the defendant to interpose his demand, though barred, defensively, is preserved. He may not recover over against the plaintiff any excess of his demand above that of the plaintiff, but may defeat any recovery by the plaintiff.

The complainants demand for the purpose being used as an extinguisher of the judgment secured by Portwood in the attachment suit, is unaffected by the statute of limitations, and the demurrer should have been overruled.

*The decree is reversed, demurrer overruled, and leave given the defendants to answer within thirty days after mandate shall have been filed in the court below.*