J. N. McIntyre et al. *v.* E. E. Forbes Piano Company.

[56 South. 457.]

1. **Chancery.** *Injunction. Set-off. Non-resident. Redemption from lien.*

> A court of chancery can restrain the prosecution of a suit in replevin for property bought by complainant on the installment plan and decree redemption from the lien sought to be enforced by the seller of the property.

2. **Chancery.** *Equitable set-off. Non-residents.*

> While it is true that at law a defendant cannot set off a claim against the plaintiff acquired after the institution of the suit, and while it is also true that ordinarily equity follows the law in this matter, there is an exception to this rule as to equitable set-off, where the plaintiff is a non-resident.

3. **Same.**

> The fact that a non-resident plaintiff has a resident agent and property in this state does not prevent the enforcement in equity of a set-off acquired after the bringing of the suit.

· **Appeal** from the chancery court of Hinds county.

Hon. G. G. Lyell, Chancellor.

Suit by J. N. McIntyre against E. E. Forbes Piano Company. From a decree for defendant, plaintiff appeals. ·

The appellant, McIntyre, a resident of the city of Jackson, county of Hinds, state of Mississippi, filed suit in the chancery court of said county against the defendant (appellee here), a non-resident corporation, praying an injunction restraining the prosecution by defendant of a replevin suit brought in the circuit court for the possession of a piano, and for a redemption from the lien sought to be enforced by the defendant; complainant also asserting a set-off or counterclaim against the defendant. The chancellor granted a temporary injunction

upon execution of the required bond, and afterward defendant answered, denying that the complainant had any equity of redemption in the piano, but that the title remained in defendant until all notes for the purchase price were paid, and that, default having been made, it was entitled to immediate possession of the piano, and denied that complainant was entitled to a set-off as claimed. The case was tried on the bill and answer and agreed statement of facts, set out below, and resulted in a decree dissolving the temporary injunction and awarding damages, from which this appeal comes.

### "Agreed Statement of Facts.

"It is admitted that the E. E. Forbes Piano Company, the defendant in the above-styled case, is a foreign corporation, having its principal office and store in the city of Birmingham, state of Alabama.

"The capital stock of said corporation is five hundred thousand dollars, all paid in, and the corporation is solvent, and was solvent when the bill was filed in the above-styled case.

"That said corporation maintains a branch office and store in the city of Jackson, Miss., and has maintained the same for the past four years.

"That, some time after the said office was established in Mississippi, the E. E. Forbes Piano Company filed its charter with the secretary of state, in accordance with the provisions of chapter 45, Laws of Mississippi of 1900, now section 935 of the Mississippi Code of 1906, and the secretary of state, upon the payment of the fee provided in said section, duly certified that the said corporation had filed a copy of its charter, or articles of incorporation, as required by law.

"That the office and store of the said E. E. Forbes Piano Company in Jackson, Miss., is managed by C. J. Roberts, who is the agent of said corporation, and who has been in charge of the business of the said corpora-

tion in this city ever since said corporation established its present office and store in said city.

"That the said C. J. Roberts lives in the city of Jackson, first district of Hinds county, and that he has lived in said city for the past four years, and that he is now living in said city, and that he is now the agent and manager of said E. E. Forbes Piano Company.

"That the said E. E. Forbes Piano Company has carried in its storehouse in the city of Jackson, even since it has been established, a stock of goods, wares, and merchandise to the value of not less than seven thousand five hundred dollars.

"That it had a stock of goods, wares, and merchandise of the value of nine thousand five hundred dollars at the time the bill was filed and the injunction sued out in this cause, and that it now has in said city a stock of goods, wares, and merchandise of said value.

"It is agreed that, in case the injunction be dissolved, the defendant would be entitled to recover of the complainant the sum of twenty-five dollars on account of attorney's fees.

"It is agreed by attorneys for both complainant and defendant in the above-styled case that the foregoing agreed statement of facts may be read in evidence on the trial of the motion to dissolve the injunction heretofore issued in said cause."

*R. H. Thompson* and *J. H. Thompson*, for appellant.

This was a suit to redeem from a lien, and the chancery court acquired jurisdiction because of that feature of the case. The piano company sold the property in controversy to J. N. McIntyre reserving a lien to secure the purchase money. In equity this was nothing more than a mortgage on the piano to secure the purchase money debt.

McIntyre was the principal owner, president and factotum of a corporation, known as the McIntyre Drug

Company, and in dealings between them, the piano company became indebted to the drug company. McIntyre was the practically the owner of the drug company, and of the debts due to the drug company, and like many other people, he treated the corporation which he owned as identical with himself. When the piano company began an action or replevin to recover the piano in question, McIntyre, ascertaining that the legal title to the cause of action which the drug company as a corporation held against the piano company, was not in himself, took an assignment from the drug company, to himself, of that cause of action. Thereafter, he began this suit to redeem the piano from the lien of the piano company, and this suit to redeem was clearly, within the jurisdiction of the chancery court. The injunction of the action of replevin was a mere incident to the suit to redeem; but the chancellor and the counsel on the other side seem to have regarded the mere incident to the suit, the enjoining of the replevin, as the main controversy and to have ignored the principal thing, the suit of redemption; a suit wholly and purely equitable in its nature.

The complainant offered in his bill to pay whatever sum might be ascertained to be due, if anything, on the purchase money debt for the piano, and sought to litigate how much, if anything, was due. A court of equity certainly ought to have granted him this relief. If his failure to pay money into court was not sufficiently excused by the averments of his bill, a motion to require him to pay into court could and would have been sustained, but the injunction ought not to have been dismissed until complainant failed to pay as ordered by the court, especially since defendant is a non-resident.

Upon the accounting, complainant would or would not have a right to credit for the cause of action which had been assigned to him by the drug company. This is the question he sought to litigate and the injunction should

have remained in force until he could do so, if credit were given him for that cause of action, nothing would be due on the lien debt, the purchase money debt for the piano. If he were denied credit for the cause of action assigned to him by the drug company, he stood pledged by his bill to pay any balance found due the piano company in money. It follows, therefore, we submit that the chancellor erred in dissolving the injunction. The court below should have continued the injunction and ordered an accounting.

Coming to the question of the right of the complainant to be credited with the cause of action assigned to him by the drug company, we have to say, that if this be as we claim, a suit to redeem from a lien, the question on the accounting is, which party if either is indebted to the other at the time of the accounting itself. The court below, however, misapplied to this suit the doctrine applicable to suits enjoining the enforcement of judgments. The replevin suit had not passed to a money judgment. The court treated the mere incident of this suit as its principal feature and ignored the principal feature, the redemption idea. On an accounting in a suit to redeem from a lien, the complainant is entitled to credit for payments made in money pending his suit, why should he not be entitled on the accounting to any other just and lawful credit? In this suit on the accounting the true enquiry is as to the state of accounts at the time of the hearing.

The decree of the court dissolving the injunction ought to be reversed and the injunction sustained and an accounting ordered.

*Willing & Davis,* for appellee.

The appellant in his bill of complaint sought to set off a demand which the McIntyre Drug Company claimed to have against E. E. Forbes Piano Company. The McIntyre Drug Company is a corporation, and its pre-

tended claim was assigned to appellant after the institution of the replevin suit. We submit that the bill does not show a ground for the interposition of the chancery court to set off the demands alleged by the complainant to be held by him against the defendant in said bill. No special equity is averred in the bill which entitles complainant to the aid of a court of equity. It is well settled that demands acquired after the commencement of an action at law cannot be set off in that action. See 34 Cyc., page 755; *Carprew* v. *Canavan*, 4 Howard, 376; *Condon* v. *Shehan*, 46 Miss. 710; *DeSearn* v. *Babera*, 62 Miss. 428.

The same rule applies to courts of equity unless some special equity intervenes. The grounds of equitable set-off are admirably set forth in 34 Cyc., on page 637, note 74. We quote from that authority as follows:

"The grounds of equitable set-off have been held to be in general: (1) That the demands are connected, as that one is the consideration of the other; or (2) that there has been an agreement to set them off; or (3) that they have been completely liquidated at law; or (4) that there is some obstacle to the legal coercion of the demand sought to be set off, as non-residence, insolvency, or the like. *Graham* v. *Tilford*, 1 Metc. (Ky.) 112; *Tribble* v. *Taul*, 7 T. B. Mon. (Ky.) 455."

The above authorities were quoted with approval by Judge Simrall in his able opinion in the case of *Condon* v. *Shehan*, 46 Miss. 710. Judge Simrall said in that opinion: "That as a general proposition both courts are governed by the same principles."

In the case of *Green* v. *Darling*, 5 Mason (U. S.), 212, referred to in Judge Simrall's opinion, Judge Story held that "since the statute of set-off, mutual debts and credits, courts of equity have generally followed the construction of the statutes by courts of law and have applied the doctrine to equitable debts. They have rarely, if ever, broken into the decisions at law unless some other equity

intervened.'' See, also, the case of *DeSearn* v. *Babera,* 62 Miss., supra.

Subjecting the case at bar to the test of these principles, there is no special equity which authorized the intervention of a court of equity.

It is admitted in the agreed statement of facts that while the appellee is a foreign corporation, it filed its charter with the secretary of state of Mississippi in accordance with the provisions of chapter 45 of the Laws of Mississippi of 1900, now section 935 of the Mississippi Code of 1906, and that it maintains a branch office and store in the city of Jackson, Mississippi, and has maintained the same for the past four years; that its office and store in said city is managed by J. C. Roberts, who is agent of said corporation, and who has been in charge of the business of said corporation in this city ever since the corporation established its present office in Jackson, and that said Roberts has lived in said city of Jackson for the past four years, and that he is now living in the said city, and that he is now general manager of the appellee. It is further admitted that the appellee has carried a stock of goods, wares and merchandise in the city of Jackson ever since it established its store in said city to the value of not less than seventy-five hundred dollars, and that at the time that the bill was filed the appellee had a stock of goods, wares and merchandise in said city to the value of ninety-five hundred dollars, and that it now has in said city a stock of goods, wares and merchandise of said value. It is further admitted that the capital stock of appellee is fifty thousand dollars, all paid in, and that the corporation is solvent and was solvent at the time of the filing of the bill of complaint. There was, therefore, absolutely no obstacle in the way of the appellant prosecuting to effect its claim against the appellee which it had acquired from the McIntyre Drug Company. He had a plain, adequate and complete remedy at law. The appellee was solvent and maintained

a business within the jurisdiction of the circuit court of the first district of Hinds county, and had an agent in charge of said business upon whom process could be served, and it had ample property within the jurisdiction of the courts of this state to satisfy any judgment that McIntyre could possibly have obtained from his alleged cross claim.

There is no mutuality of dealings between the parties. The credits and debts did not arise out of a connected transaction. One credit did not induce or form the consideration of the other. There is no supervening equity which would form the consideration for the disposition of the question upon any other principle than would control a court of law.

Whitfield, C.

The gravamen of the bill in the case is to redeem from a lien, and we think the chancery court was properly resorted to under the peculiar facts in this case. It is true that at law one cannot set off a claim against the plaintiff acquired after the institution of the suit; and it is also true that ordinarily equity follows the law in this matter. But there are some exceptions in respect to equitable set-off as well established as the general rule, and one of those exceptions is the nonresidence of the plaintiff. The plaintiff corporation here is a nonresident. It is no answer to say that the plaintiff is doing business in this state and has an office in the city of Jackson, with pianos, etc., therein. All this sort of portable property might easily be gotten out of the state in a very short time. Neither is it an answer to say that the set-off might have been used in the defense of the replevin suit, for the obvious reason that the replevin suit is a suit at law, and the set-off was acquired after the institution of the replevin suit.

There is no real merit in the contentions of the appellee. It was peculiarly a case for the disposition of a court of equity.                    *Reversed and remanded.*

Per Curiam.    The above opinion is adopted as the
opinion of the court, and for the reasons therein indi-
cated the decree is reversed, the injunction reinstated,
and the cause remanded.