**FLANAGAN v. MARVEL et al. (KROSSA et al., third-party defendants).**

Civ. A. No. 3506.

United States District Court
D. Minnesota, Fourth Division.

Nov. 20, 1950.

Charles S. Bellows, of Minneapolis, Minn., for the plaintiff.

Frank W. Plant, Jr., of Minneapolis, Minn., for defendants Alice T. Marvel and others.

John R. Goetz and Fowler, Youngquist, Furber, Taney & Johnson, all of Minneapolis, Minn., for defendants Nancy Denman Raymond Krossa, and others.

NORDBYE, Chief Judge.

This cause comes before the Court on motion of defendants Alice T. Marvel, et al., for an order dissolving the temporary restraining order heretofore made and dismissing plaintiff's bill of interpleader.

On October 16, 1950, plaintiff filed his bill of interpleader in this Court against the above-named defendants setting forth that on September 25, 1950, he, as executor of the estate of Helen S. H. Winston, also known as Mrs. Fendall G. Winston, Jr., was served with a summons and complaint in an action in the District Court of Hennepin County, State of Minnesota, in which Alice T. Marvel, Helen T. Jones, Mary T. Fulton, and Benjamin E. Thurston were plaintiffs, and he, as executor of the aforesaid estate, with Charles D. Raymond, Jr., Nancy Denman Raymond Krossa, and Sally Denman Raymond Sprague were defendants; that this action alleged certain claims to personal property held by plaintiff herein as executor and prayed for a decree of the Hennepin County Court declaring the plaintiffs therein to be "the owners and entitled to the possession of all the assets of the estate of Helen S. H. Winston, deceased, which were derived from the estate of Fendall G. Winston, Jr., deceased, together with all income or increment derived from said property or proceeds thereof subsequent to the death of Helen S. H. Winston, deceased."

Plaintiff herein sets forth that, as executor, he is merely a stakeholder of the property in dispute; that as of October 16, 1950, he deposited in the registry of this Court the personal property listed as involved in the State Court action. He alleges that Alice T. Marvel is a resident and citizen of the State of Pennsylvania; that Helen T. Jones is a resident and citizen of the State of Minnesota; that Mary T. Fulton is a resident and citizen of the State of New York; and that Benjamin E. Thurston now resides in Germany, though a citizen of the United States; that Nancy Denman Raymond Krossa is a resident and citizen of the State of New Jersey; that Sally Denman Raymond Sprague is a resident and citizen of the state of Virginia; and that Charles D. Raymond, Jr., is a resident and citizen of the State of New York. He further contends that as of August 28, 1950, the property in controversy, together with other property under a decree of distribution in the estate of Helen S. H. Winston, was decreed to Nancy Denman Raymond Krossa, Sally Denman Raymond Sprague, and Charles D. Raymond, Jr., who have made a demand on him that the property so decreed be paid over and distributed to them as provided in the decree of distribution. He alleges that the property in controversy has a value in excess of $500 and that he is unable to determine to whom the property shall be paid and distributed in view of the respective claims. Moreover, he sets forth in his petition that he has been garnished in the State Court action by the plaintiffs therein, but that no disclosure pursuant to the garnishment has been made. He seeks an order restraining the parties from instituting or prosecuting any proceedings affecting the property involved and prays that the parties be required to

litigate between themselves in this interpleader action their respective claims to the property and that he be discharged from any liability to any of these defendants as executor of the estate in question. The defendants Nancy Denman Raymond Krossa, Sally Denman Raymond Sprague, and Charles D. Raymond, Jr., have appeared and support plaintiff's interpleader suit.

That this Court has jurisdiction of the bill of interpleader under the admitted facts is not disputed. But this motion is based upon the following grounds: (1) that the State Court assumed to entertain jurisdiction in a rem proceeding at the time the interpleader action was commenced, and therefore this Court should not proceed to entertain this proceeding which involves the same res; (2) that the garnishment proceeding in the State Court has created a specific lien on the property in question and that this garnishment should not be set aside by this Court by assumption of jurisdiction in this interpleader action; and (3) that there is an absence of equity in plaintiff's bill because there is no possibility of double vexation or multiple liability in that all adverse claimants can be brought within the jurisdiction of the State Court proceeding and the controversy determined therein. The first and third grounds asserted in the motion will be discussed.

The controversy between the legatees under the will of Helen S. H. Winston and the adverse claimants to a portion of the property decreed under the decree of distribution dated August 28, 1950, involves certain personal property in possession of the plaintiff as executor. Plaintiff was personally served with the summons and complaint in the State Court action on September 25, 1950. A summons and complaint in that action was delivered to the Sheriff of Hennepin County on September 25, 1950, for service on the non-resident defendants Nancy Denman Raymond Krossa, Sally Denman Raymond Sprague, and Charles D. Raymond, Jr., and a return of "not found" was duly made by the Sheriff. On September 28, 1950,

the attorney for the plaintiff in the State Court action made and filed an affidavit in that court setting forth that the Sheriff had made his return of "not found" as to the non-resident defendants; that the subject of the action was property within the State to which the defendants claimed an interest and over which the court had jurisdiction, and that he had mailed a copy of the summons and complaint to each of the non-resident defendants at his or her place of residence.

Section 543.11 of the Minnesota Statutes 1949, M.S.A., provides that service may be made by publication when the Sheriff of the county has determined that the defendant cannot be found therein and an affidavit is made by plaintiff or his attorney stating that the defendant is not a resident of the State; that he has mailed a copy of the summons to the defendant at his place of residence; that "the subject of the action is real or personal property within the state, in or upon which the defendant has or claims a lien or interest, or the relief demanded consists wholly or partly in excluding him from any such interest or lien." Section 543.12.

The affidavit filed by plaintiff's attorney substantially complies with the requirements of the statute. And it is evident, therefore, that when the interpleader action was instituted in this Court, the action in the State Court was begun not only as to the executor, but as to the non-resident defendants as well. McCormick v. Robinson, 139 Minn. 483, 167 N.W. 271. Although service as to the non-residents had not been completed when the temporary restraining order was issued herein, it does appear that, after the summons was delivered to the Sheriff for service, the publication in pursuance of the statute was commenced within a reasonable time thereafter. So it is clear that the State Court action was begun some time prior to the institution of the interpleader suit. Moreover, the executor, if not an indispensable party, was a necessary party in the State Court proceeding and actual service was made upon him as noted on September 25, 1950. He was in exclusive pos-

session of the res which is in dispute. Concededly, the proceeding in State Court is in rem, and the court there, under the admitted facts, assumed to exercise jurisdiction over the res before the institution of this interpleader suit. The very basis of the assumption of jurisdiction over the non-residents by the State Court was the existence of bonds and cash in the hands of a local executor, which property, therefore, had its situs in this State. It is well settled that in an action in rem the court which first acquires jurisdiction over the subject matter draws into its possession the res, at least potentially. The assumption of jurisdiction as to the res by any other court would necessarily impair the jurisdiction of the first court. Therefore, the rule is that "where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction." Kline v. Burke Construction Co., 260 U.S. 226, 229, 43 S.Ct. 79, 82, 67 L.Ed. 226. The court in that case quoted from Baltimore & Ohio R. Co. v. Wabash R. R. Co., 7 Cir., 119 F. 678, 680, as follows: " '* * The rule is not limited to cases where property has actually been seized under judicial process before a second suit is instituted in another court, but it applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in all suits of a like nature.' " This rule in actions in rem, as distinguished from actions in personam, is unequivocal and requires this Court to yield jurisdiction to the State Court unless the rule is not applicable to a proceeding under the federal interpleader statute, where jurisdiction is obtained.

▆▆▆ At the outset, it seems evident from the admitted facts that full relief may be granted in State Court to all parties to the controversy. Jurisdiction upon completion of the publication will be obtained over the non-residents. Such service constitutes due process within the meaning of the Fourteenth Amendment. Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363. There is no possibility of the plaintiff herein, as executor, being subjected to any suit or claims in any other jurisdiction by any of these claimants. The State Court can grant full and complete relief as between the claimants to the property in his hands. True, he is merely a stakeholder and there is merit to his position that these parties should settle their controversy without involving him in any protracted litigation. But the Minnesota interpleader statute, Section 544.12, should afford plaintiff ample opportunity for relief in that regard. There is, therefore, on this showing, an absence of any circumstances which, under the federal interpleader statute, properly invoke any equity jurisdiction of this Court. In other words, the equitable basis for assuming jurisdiction under the interpleader statute is wanting. The case of Mutual Life Ins. Co. of New York v. Egeline, D.C., 30 F.Supp. 738, involved insurance, but the court's language on p. 741 is pertinent herein: "The very object of the provisions of Sec. 41, Subsec. 26 of Title 28, U.S.C., is to protect an insurer against the hazards of multiple liability on a policy of insurance resulting from the diversity of citizenship of adverse claimants who could not otherwise be brought within the jurisdiction of one court to determine, once and for all, the rights of the respective claimants, and the obligations of the insurer under the policy. Where that hazard has been removed by reason of all the parties having been subjected to the jurisdiction of a court of competent jurisdiction before any proceedings have been instituted in the Federal Court, the purpose of the federal statute has been accomplished without the necessity of its application. While the federal jurisdictional facts still exist in such case, the equitable grounds do not."

The situation presented herein will not justify the Court in departing from the rule and principles enunciated in Kline v. Burke Construction Co., supra. Plaintiff will be afforded full relief in the court which has assumed jurisdiction over the res before the jurisdiction of this Court was invoked. In view of the foregoing, it is not

necessary to discuss the alleged effect of the garnishment as creating a lien which this Court may not set aside.

It follows, therefore, that under the premises noted, the restraining order heretofore issued should be, and the same hereby is, vacated and set aside and plaintiff's bill of interpleader is dismissed. It is so ordered. Judgment may be entered accordingly. An exception is allowed.