HEDGES *v.* LOUISIANA AGRICULTURAL SUPPLY COMPANY, INC.

No. 41485 April 25, 1960 120 So. 2d 136

*Clay B. Tucker,* Woodville, for appellant.

*Richard T. Watson,* Woodville, for appellee.

McGEHEE, C. J.

On the third day of May, 1955, the appellant, Byron C. Hedges, a nonresident of this state residing at Excelsior Springs, Missouri, purchased from the appellee, Louisiana Agricultural Supply Company, Inc., of Baton Rouge, Louisiana, two one hundred pounds sacks of "Sart Sargo" sorghum seed to be planted on forty acres of land which was a part of the Montrose Plantation in Wilkinson County, Mississippi, and managed by his son, James C. Hedges. The sorghum seed was delivered by the appellee at the Montrose Plantation in a truck of the appellee, was planted on the forty acres on the plantation, and when it sprouted and came up, it was found that one of the one hundred pound sacks of sorghum seed was in accordance with the tag and label contained on both sacks and it was then discovered that the other sack planted on the remaining twenty acres was of an inferior quality of seed, and then complaint was

made to the appellee that the sack of the seed last planted was of an inferior quality to Sart Sargo seed.

In response to the complaint, the appellee wrote a letter to the appellant stating, among other things, that the appellee was having trouble with other customers to whom they had sold seed from the same lot as the seed that was sold appellant, and admitted its disappointment and recognized that possible financial loss would accrue to the appellant due to the seed sold for Sart Sargo not producing as it should have, and advised the appellant that the appellee had referred the matter to their attorneys and requested a statement as to their liability, and had received advice from the appellee's attorneys that if, through error, sorghum seed other than Sart Sargo was shipped, the attorneys were of the opinion the purchaser would be entitled to recover the cost of the seed, the fertilizer, the rent of the land and the labor incurred in planting. The appellee, in said letter, then suggested that appellant go ahead and harvest his sorghum when the time came, taking definite information as to the tonnage he harvested and keeping his records in a clear and complete shape, and to notify the appellee when appellant should begin harvesting so that an estimate as to the yield of the seed could be made.

Finally, the appellee suggested that it would reimburse the appellant only for his "out of pocket" expenses. The appellant did not want to bring suit at Baton Rouge, Louisiana, where, under the laws of that state, he could recover only his "out of pocket" expenses. The appellant failed to bring the suit, and then the appellee, on or about the sixteenth day of October, 1958, brought a suit by attachment in the Chancery Court of Wilkinson County, attaching the lands of the nonresident appellant known as the Montrose Plantation. The land was attached in the Chancery Court of Wilkinson County, Mississippi against the appellant as a nonresident.

The appellant filed an answer to the nonresident attachment suit and made his answer a crossbill. The ap-

pellee, Louisiana Agricultural Supply Company, Inc., of Baton Rouge, Louisiana, filed a demurrer to the cross-bill of the appellant on the ground that his pleading disclosed that the counterclain was barred by the three-year statute of limitation. The suit of the appellee sought a judgment for the sum of $1,761.90, covering invoices dated September 21, 1955, October 18, 1955, October 27, 1955, November 21, 1955, December 29, 1955, January 25, 1956, May 1, 1956, September 19, 1956, September 20, 1956, September 24, 1956, November 5, 1956, March 19, 1957 and May 21, 1958, and which included the two one hundred pound sacks of sorghum seed hereinbefore mentioned.

The answer and crossbill was filed by the appellant on or before December 2, 1958, and the letter hereinbefore referred to from the appellee to the appellant was filed as an exhibit to the answer and crossbill. The demurrer to the crossbill filed by the complainant and crossdefendant was sustained by the trial court on the ground that the demand for damages was barred by the three-year statute of limitation, Section 729, Code of 1942.

It is to be noted that neither the appellant nor the appellee ever resided in this state.

In the case of Robinson v. Moore, 76 Miss. 89, this Court, speaking through Judge Whitfield, called attention to the fact that the statute, which then read as does our statute Sec. 740, Code of 1942, presented the question whether the absence or absence and nonresidence provided for, applies to the case of one who is absent from and resides out of the state by reason of never having been in the state, as well as to the case of one who is absent from and resides out of the state by reason of having gone out of the state and acquired a residence abroad after the cause of action accrued in this state. The Court discussed and distinguished the case of Lindenmayer v. Gunst, 70 Miss. 693, where the nonresident had a tenant residing on his land in this state who was subject to suit by ejectment, and the Court held in Robin-

son v. Moore, supra, that: "He who never had been in the state was as much absent from and residing out of the state as one who had resided here but had gone out of the state and acquired a residence elsewhere." The Court in its opinion discussed the case of Estis v. Rawlins, 5 How. (Miss.) 258, wherein Judge Sharkey said: "The reason and justice of the enactment apply as well to those who have never been in the state at all, as to those who have not been in it since the cause of action accrued." And, in the case of Kennard v. Alston, 62 Miss. 763, the Court held that the statute of limitation did not run in favor of a debtor who never came within the state.

In McIntyre v. Forbes Piano Company, 100 Miss. 517, 56 So. 457, the Court said at page 524 that: "It is true that at law one cannot set off a claim against the plaintiff acquired after institution of the suit; and it is also true that ordinarily equity follows the law in this matter. But there are some exceptions in respect to equitable set-off as well established as the general rule, and *one of those exceptions is the nonresidence of the plaintiff.* The plaintiff corporation here is a nonresident."

This Court in the case of Bettman-Dunlap Company v. Gertz, 149 Miss. 892, 116 So. 299, said: "Equity will restrain the execution of a judgment when the judgment defendant has a debt against the judgment creditor which equals or exceeds the judgment, and which the judgment debtor cannot otherwise collect. 34 C. J. S. 467; Posey v. Maddox, 65 Miss. 193, 3 So. 460; Feld v. Coleman, 72 Miss. 545, 17 So. 378."

 █ Section 1483.5, Miss. Code of 1942, Rec., enacted in 1952, deals with actions at law and reads as follows: "In all suits at law where the defendant has a claim or demand against the plaintiff arising out of or connected with the situation, occasion, transaction or contract or subject matter upon which the plaintiff's action is based, whether the claim or demand of the defendant is liquidated or unliquidated, the defendant in his answer may plead his claim or demand against the plaintiff by way of

counterclaim, in recoupment, stating the facts upon which such counter claim is based." We think that it was permissible for the appellant who was defendant in the trial court to file a counterclaim, in recoupment, and that his claim was for unliquidated damages as to the loss in the value of the crop that he would have produced if the seed had been Sart Sargo sorghum seed as tagged and labeled, and that the nonresidence of the defendant would authorize the interposing of this counterclaim, in a court of equity, and that on account of the nonresidence of the crossdefendant, the claim was not barred by the three-year statute of limitation. Moreover, the nonresident invoked the jurisdiction of the Chancery Court in Wilkinson County by its suit in attachment.

The cause of action for damages did not accrue in the instant case when the son of the appellant placed an order with the appellee for the purchase of the sorghum seed in question but the cause of action arose when the appellee delivered an inferior grade of sorghum seed by truck to the Montrose Plantation of the appellant in Wilkinson County, Mississippi, without the same having been properly tagged and labeled.

From the foregoing, it follows that the demurrer to the crossbill should have been overruled, and that therefore the cause should be reversed and remanded.

Reversed and remanded.

*Hall, Lee, Ethridge,* and *Gillespie, JJ.,* concur.