KOEHRING COMPANY, a Wisconsin corporation, Plaintiff,

v.

HYDE CONSTRUCTION COMPANY, Inc., a Mississippi corporation, Vardaman S. Dunn, an individual, Charles Clark, an individual, Jack N. Hays, an individual, David H. Sanders, an individual, Gable, Gotwals, Hays, Rubin & Fox, a partnership, Cox, Dunn & Clark, a partnership, United States Fidelity and Guaranty Co., a Maryland corporation, the First National Bank of Jackson, a Mississippi corporation, Circle "L" Electric Company, a partnership, and Fidelity & Deposit Company of Maryland, a Maryland corporation, Defendants.

No. 68–C–144.

United States District Court
E. D. Wisconsin.

Jan. 20, 1969.

Order Supplementing and Amending
Opinion and Order
Feb. 6, 1969.

---

Steven E. Keane and Maurice J. Mc-Sweeney, Milwaukee, Wis., for plaintiff, William A. Denny, Milwaukee, Wis., of counsel.

Walter A. John, Milwaukee, Wis., for defendant Fidelity & Deposit Co. of Maryland.

Ward Dunphy and John A. Kluwin, Milwaukee, Wis., for defendant United States Fidelity and Guaranty Co.

Robert P. Harland and Reginald W. Nelson, Milwaukee, Wis., for defendants Hyde Const. Co., Inc. and others, Cox, Dunn & Clark, Jackson, Miss., of counsel.

## OPINION AND ORDER

REYNOLDS, District Judge.

This cause of action is a bill in the nature of an interpleader filed pursuant to Title 28 U.S.C. § 1335.[1] The matter is now before the court on a motion of the defendants Hyde Construction Company, et al.,[2] for an order dismissing plaintiff's action or, in the alternative, transferring it to the United States District Court for the Southern District of Mississippi.

On April 8, 1964, the Chancery Court of Hinds County, Mississippi, entered a judgment against plaintiff Koehring Company[3] and in favor of Hyde Construction Company, one of the defendant-claimants in the present action. Subsequently, on May 24, 1968, Hyde Construction Company secured a writ of execution from the Chancery Court which led to service of writs of garnishment on several of Koehring's Mississippi debtors.

Koehring Company, confronted with several conflicting claims to the judgment in addition to the possibility of a subsequent offset in its favor, filed the present action on May 27, 1968, having deposited with this court an amount equal to the Mississippi judgment with interest. Later the same day this court enjoined all enforcement or collection of the Chancery Court judgment. The Chancery Court, taking cognizance of that injunction, stayed all further enforcement proceedings pending the disposition of this action.

Koehring Company then filed answers to the writs of garnishment on behalf of the several garnishees. The Chancery Court abated those proceedings pending this court's determination, but ordered the garnishees to retain the funds in question and reserved jurisdiction to grant the statutory interpleader relief requested in the garnishees' answers.

The central issue in the motion to dismiss is a conflict of jurisdiction between this court and the Chancery Court of Hinds County, Mississippi. The Chancery Court obtained jurisdiction over the

---

1. Defendants contend that plaintiff's claim to a possible offset is not only contingent but also unfounded. They maintain that such being the case, plaintiff's action is actually one of strict interpleader. The court finds it unnecessary to resolve this issue inasmuch as § 1335 confers jurisdiction in both types of actions.

2. All of the defendants except United States Fidelity & Guaranty Company have joined in this motion.

3. The judgment also ran against the Fidelity & Deposit Company of Maryland, the surety on the supersedeas appeal bond.

subject matter on September 27, 1961,[4] when Hyde Construction Company instituted suit against Koehring Company for breach of warranty. A jurisdictional dispute ensued between the Chancery Court and the United States District Court for the Northern District of Oklahoma. Trial commenced in the Chancery Court on March 11, 1964, despite a temporary restraining order issued by the United States District Court for the Northern District of Oklahoma. On April 7, 1964, judgment was granted in favor of Hyde by the Chancery Court. Hyde's execution on the judgment at this time was prevented by an order of the United States District Court for the Northern District of Oklahoma on September 1, 1964, and by Koehring Company's appeal from the Chancery Court judgment. Koehring's appeal to the Supreme Court of Mississippi was subsequently denied on October 4, 1965.

On May 23, 1968, the United States District Court for the Northern District of Oklahoma denied a petition by Koehring Company for a restraining order prohibiting Hyde Construction Company from executing on the Mississippi judgment. The issuance of this denial removed the last obstacle preventing Hyde's execution on the Mississippi judgment. Hyde then proceeded to file its request for a writ of execution with the Chancery Court. The writ was granted on May 24, 1968.

In comparison, the jurisdiction of this court did not attach until the filing of Koehring's interpleader action on May 27, 1968. This forum's jurisdiction over the subject matter is based on the residence of a defendant-claimant (United States Fidelity & Guaranty Company) in this district.[5] Residence in this case is established by the fact that the above-mentioned claimant is doing business in Wisconsin.

When faced with such a jurisdictional conflict, it becomes pertinent to look to the relationship that each of these courts bears to the other in this controversy and to put such relationship in proper perspective under the facts and circumstances of this case. This is necessary in order to determine which court, if either, should yield to the other where, as here, jurisdiction for federal intervention is based solely on diversity of citizenship. Preston Corporation v. Raese, 236 F. Supp. 135, 141 (N.D.W.Va.1964), aff'd Kelly v. Raese, 377 F.2d 263 (4th Cir.), cert. denied 389 U.S. 931, 88 S.Ct. 294, 19 L.Ed.2d 283 (1967).

██ On the one hand, the courts have concluded that the interpleader statute, being remedial in nature, should be liberally interpreted so as not to result in injustice. Douglas-Guardian Warehouse Corp. v. Ramy Seed Co., 271 F.2d 24, 28 (8th Cir. 1959); Austin v. Texas-Ohio Gas Co., 218 F.2d 739, 746 (5th Cir. 1955). On the other hand, it is a well-established proposition as stated in Prudential Insurance Co. v. Shawver, 208 F. Supp. 464, 469 (W.D.Mo.1962), that:

> "The Federal Courts should, and do, wherever possible without injury to one of the parties, respect the priority and competency of state courts to adjudicate matters within their jurisdiction involving the application of state law. * * *"

Flanagan v. Marvel, 94 F.Supp. 145 (D. Minn.1950).

Having studied the relationships which the Chancery Court and this court have to the subject matter and to each other, I have concluded that the equitable basis for this court's assumption of jurisdiction under the interpleader statute is

---

4. The Chancery Court's exercise of jurisdiction in granting the writ of execution on May 24, 1968, was not the acquiring of a new jurisdiction. Rather, it was but a continuation of the cause of action over which the Chancery Court had initially assumed jurisdiction on September 27, 1961. Central National Bank v. Stevens, 169 U.S. 432, 464–465, 18 S.Ct. 403, 42 L.Ed. 807 (1897).

5. United States Fidelity & Guaranty Company has joined Koehring Company in opposing the motions of the several defendants.

wanting in the present action, and that therefore the defendant's motion to dismiss should be granted. As between these two forums, it is clear to me that the Chancery Court has the only real interest in the subject matter of this litigation. The Chancery Court acquired jurisdiction long before this court; the Chancery Court proceedings afford the plaintiff complete and adequate relief; and the Chancery Court is the forum best able to adjudicate the present controversy.

Koehring Company maintains that the Chancery Court is unable to provide it with complete and adequate relief. Although it is true, as Koehring has pointed out, that the present state court proceeding does not involve all of the defendant-claimants that have been joined in this interpleader, those not already parties to the state proceeding are subject to the Chancery Court's jurisdiction. Furthermore, the Mississippi garnishment interpleader statute, § 2804, affords plaintiff ample opportunity to interplead them in the state proceeding. In fact, plaintiff-garnishees' answers in the state proceeding alternatively invoke the Mississippi statutory provision and pray that the missing defendant-claimants be interpleaded.

Plaintiff, however, contends that the possibility of joining the missing defendant-claimants is an insufficient ground for declining jurisdiction under the federal interpleader statute and cites Jefferson Standard Life Ins. Co. v. Smith, 161 F.Supp. 679 (E.D.S.C.1956), to that effect. In that case the court was faced with the same situation—all of the parties to the federal interpleader were not represented in the state proceeding, but state law provided for their joinder. The *Jefferson* court reasoned that a plaintiff should not be required to risk his rights on the possibility that the state court will act to protect those rights, especially when all of the parties are present in the federal action.

In so holding, the court declined to follow the reasoning of Flanagan v. Marvel, supra, which held that dismissal for want of equity is proper where state law permits the plaintiff to implead the missing defendant-claimants and affords the plaintiff a complete determination of the controversy. Because of the following reasons, this court is of the opinion that under the present circumstances the holding of Flanagan is the sounder view.

The Chancery Court order providing for abatement of the garnishment proceding pending final disposition of this action specifically directs the garnishees to retain in their possession the amounts in question and reserves that court's jurisdiction so as to permit the granting of the interpleader relief sought by Koehring Company and the garnishees. Thus it would appear that it is not only a possibility that the state court will act through garnishment interpleader to protect the plaintiff's rights, but that the state court is in fact prepared to do so upon the disposition of this interpleader.

But Koehring Company contends that even the Mississippi garnishment interpleader is an inadequate remedy. Plaintiff maintains that the garnishment interpleader involves the very kind of multiplicity of litigation which is sought to be avoided by the federal interpleader statute. Defendants, however, have correctly pointed out that contrary to the plaintiff's conception of the Mississippi proceeding, the state action is but a single proceeding in which writs have issued out of a single court in the single action.

Secondly, Koehring contends that Mississippi law does not authorize plaintiff to deposit the amount of the judgment with the Chancery Court and in a single action secure a determination of all claims thereto, including Koehring's claim to a potential offset. On the contrary, not only will the garnishment interpleader allow plaintiff to interplead the claims of all defendants, but it is also settled law in Mississippi that the Chancery Court, as a court of general equity jurisdiction, is empowered to recognize a setoff in favor of a judgment debtor. In fact, the Chancery Court may even grant a stay of execution or an injunction to

stay proceedings where the setoff is unliquidated and must be determined in a separate action, as is the case with Koehring's claim. Hedges v. Louisiana Agricultural Supply Co., 238 Miss. 805, 120 So.2d 136 (1960); Lancaster v. Jordan Auto Co., 185 Miss. 530, 187 So. 535 (1939).

As to Koehring's ability to deposit the amount of the judgment with the court, the statutory predecessor of Mississippi's current garnishment interpleader was interpreted to permit the garnishee to pay the contested amount into court and by so doing secure relief from all further liability as to the sum paid in. Fewell v. American Surety Co., 80 Miss. 782, 28 So. 755, 758 (1900). In any event, the present Mississippi Code, § 1362, makes specific provision for the appointment of a receiver of money paid into court. Additionally, Hyde Construction Company has offered to file a petition for the appointment of a receiver in the state court when and if this court will permit the same to be done. Thus, this court has concluded that despite Koehring's contentions, the Chancery Court proceedings will afford complete and adequate relief to all parties concerned.

A further reason for this court's decision not to exercise its jurisdiction is that the Chancery Court would appear to be more familiar with the basic legal issue in this controversy—the relative priority of the defendants' claims under Mississippi law. In fact, the Chancery Court has already retained jurisdiction in a garnishment proceeding between the United States Fidelity & Guaranty Company and the First National Bank of Jackson, Mississippi, two of the defendant-claimants in the present interpleader, for the purpose of resolving one of the issues involved in this interpleader—the priority as between these two defendant-claimants' assignments to the Koehring judgment.

It therefore appears to this court that the Chancery Court has a prior and well-established jurisdiction over the subject matter of this litigation. Having found no sufficient reason to depart from the rule of comity accorded prior state proceedings in matters of concurrent jurisdiction, this court hereby elects to exercise its discretion and declines from taking jurisdiction in this interpleader action. In so doing, the court believes that its decision is consistent with recent authority in this area. Preston Corp. v. Raese, 236 F.Supp. 135 (N.D.W.Va. 1964); Prudential Insurance Company v. Shawver, 208 F.Supp. 464 (W.D.Mo. 1962); Flanagan v. Marvel, 94 F.Supp. 145 (D.Minn.1950).

Having concluded that plaintiff's action should be dismissed, it becomes unnecessary to consider the defendants' alternative motion to transfer to another district. It also follows that the injunction heretofore issued should be vacated and set aside.

For the foregoing reasons,

It is ordered that the injunction heretofore issued be and it hereby is vacated and set aside, and plaintiff's bill in the nature of an interpleader be and it hereby is dismissed.

### Order Supplementing and Amending Opinion and Order

This cause came on for hearing on the 31st day of January, 1969, on the show cause order of the defendant FIDELITY AND DEPOSIT COMPANY OF MARYLAND why the opinion and order of the above named Court in the within action, dated January 20, 1969, should not be supplemented by an express adjudication in respect to the Cross-claim for Interpleader of said defendant Fidelity and Deposit Company of Maryland; and the Court having heard the argument of counsel and being fully advised, it is

Ordered that the opinion and order of this Court dated January 20, 1969, be, and the same hereby is, amended and supplemented in the following respects:

1. by providing that the Cross-claim for Interpleader of the defend-

ant Fidelity and Deposit Company of Maryland, made and filed in the above entitled action on the 14th day of June, 1968, be, and it hereby is, dismissed; and

2. by providing that the injunction heretofore issued by this Court, to wit, the Order dated May 27, 1968, enjoining enforcement or collection of judgment, which injunction inured to the common benefit of the plaintiff and the defendant Fidelity and Deposit Company of Maryland, be, and the same hereby is, vacated and set aside insofar as it affects said defendant Fidelity and Deposit Company of Maryland.